**LA–Z–BOY CHAIR COMPANY,**
Appellant,

v.

**THE DIRECTOR OF ECONOMIC
DEVELOPMENT, State of
Missouri, Respondent.**

No. 80602.

Supreme Court of Missouri,
En Banc.

Jan. 5, 1999.

Rehearing Denied Feb. 9, 1999.

Richard A. King, Lawrence J. Zimmerman, Sharon K. Euler, Kansas City, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Reuben Shelton, Asst. Atty. Gen., Christie A. Kincannon, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

STEPHEN N. LIMBAUGH, Jr., Judge.

La–Z–Boy Chair Company (hereinafter "taxpayer"), appeals a judgment of the circuit court affirming a decision of the Administrative Hearing Commission (AHC) that limited the amount of an income tax exemption due taxpayer for expanding a manufacturing plant in an enterprise zone. This Court has exclusive appellate jurisdiction because taxpayer's appeal involves a challenge to the validity of a state statute. Mo. Const. art. V, sec. 3. The judgment is affirmed.

## I.

Taxpayer, a manufacturer of upholstered furniture, owns and operates a manufacturing plant in an area of Neosho, Missouri, that has been designated an enterprise zone under chapter 135, RSMo. Businesses that locate or expand in an enterprise zone, which is defined in section 135.205, RSMo 1986, as an area afflicted by "pervasive poverty, unemployment, and general distress," are afforded substantial tax benefits. To take advantage of those tax benefits, taxpayer constructed an addition to the Neosho plant and began operations on November 1, 1990. Under section 135.220, RSMo 1986, that addition qualified as a "new business facility" and entitled taxpayer to an exemption for one-half of its Missouri taxable income generated by the "new business facility."

Section 135.220 was amended in 1991 to provide that "one-half of the Missouri taxable income *attributed to a business in an enterprise zone* which is earned by a taxpayer having established a new business facility located within an enterprise zone shall be exempt from taxation under chapter 143, RSMo." (Emphasis added.) This amendment allowed taxpayer to exempt one-half of its Missouri taxable income from the plant as a whole if it established a "new business facility." The exemption was no longer limited, in other words, to one-half of the income from the "new business facility," alone. In order to reap the benefits of the 1991 amendment, taxpayer undertook a second expansion of the plant—at a cost of approximately $5 million—which qualified as a second "new business facility."

In 1992, the legislature amended section 135.220 again. The latest version provided that "one-half of the Missouri taxable income *attributed to a new business facility in an enterprise zone* which is earned by a taxpayer establishing and operating a new business facility located within an enterprise zone shall be exempt from taxation under chapter 143, RSMo." (Emphasis added.) In contrast to the 1991 amendment, the 1992 amendment (like the original 1990 version) allowed tax exemptions only on income earned from the "new business facility," rather than the entire plant.

Section 135.230, RSMo Supp.1991, sets forth the time period for which the tax exemption is to be granted. The applicable part of this section, which was left unchanged by the 1992 amendments, provides that "[t]he exemption established and allowed by section 135.220 ... shall be granted with respect to any new business facility located within an enterprise zone for a period not to exceed ten years...." In view of this section, the Department of Economic Development (DED), while actively soliciting taxpayer to undertake the 1991 plant expansion, repeatedly represented to taxpayer that the exemption on the business as a whole would be valid for the full ten-year period. Additionally, at the proceedings before the AHC, the DED stipulated that the exemption was valid for the full ten-year period.

The DED, which has the responsibility under section 135.250 of determining whether businesses qualify for the section 135.220 exemption, certified that taxpayer's 1991 plant expansion did indeed qualify and that the exemption for the fiscal years ending in 1992 and 1993 were in the amount of one-half of the Missouri taxable income on the business as a whole. However, for the tax years ending in 1994 and 1995, the DED, relying on the 1992 amendment to section 135.220, certified that taxpayer qualified only for a reduced exemption equal to one-half of the Missouri taxable income attributed to its new business facility alone. Taxpayer protested the DED's certification of the amount of the exemption for the tax period ending in 1995. The DED denied the protest, and taxpayer's complaint before the AHC and petition for review before the circuit court were each denied, in turn.

On appeal, this Court reviews the decision of the administrative agency (in this case, the AHC), not the judgment of the circuit court. Sec. 536.140.5; *Psychcare Management v. Department of Social Services*, 980 S.W.2d 311, 312 (Mo. banc 1998). Because the facts are not in dispute and the issue on appeal is solely a question of law, no deference is owed to the AHC decision. Thus, the issue on appeal is a matter for the

independent judgment of this Court. *Psychcare,* at 312–13.

## II.

Taxpayer contends that it has a vested right to a ten-year exemption for one-half of its Missouri taxable income from the entire plant under the 1991 version of section 135.220, and therefore, the 1992 amendment cannot be applied retrospectively to limit the exemption to one-half of the Missouri taxable income from the "new business facility." This Court disagrees.

Article I, sec. 13, of the Missouri Constitution provides, "no ex post facto law, nor law impairing the obligation of contracts, or retrospective in its operation, or making any irrevocable grant of special privileges or immunities, can be enacted." It is well-settled that "[t]he constitutional prohibition against laws that operate retrospectively applies if the law in question impairs some vested right or affects past transactions to the substantial prejudice of the parties." *M & P Enterprises, Inc. v. Transamerica Financial Services,* 944 S.W.2d 154, 160 (Mo. banc 1997) (quoting *Dial v. Lathrop R–II School Dist.,* 871 S.W.2d 444, 447 (Mo. banc 1994)). A "vested right" has been defined as "a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another." *Fisher v. Reorganized School Dist.,* 567 S.W.2d 647, 649 (Mo. banc 1978), but it "must be something more than a mere expectation based upon an anticipated continuance of the existing law." *Id.* Furthermore, as this Court has recognized, the word "vested" means fixed, accrued, settled or absolute. *Robbins v. Robbins,* 463 S.W.2d 876, 879 (Mo.1971).

In this case, any vested right to a ten-year exemption must originate in the language of section 135.230, the statute that determines the duration of the exemption. The statute grants the exemption "for a period not to exceed ten years." Sec. 135.230, RSMo Supp.1991. This Court must give these words their plain meaning. *International Business Machines Corp. v. Director of Revenue,* 958 S.W.2d 554, 557 (Mo. banc 1997).

Contrary to taxpayer's assumption, the clause "a period not to exceed ten years" is not the equivalent of "a period of ten years." The language of the statute necessarily implies that the exemption may extend for a period less than ten years, and for that reason, the period of the exemption, except for a ten-year cap, is indefinite and indeterminate. As such, the exemption does not vest.

This conclusion is consistent with the additional requirement of section 135.230 that states in pertinent part, "[i]n order to qualify for the exemption . . . it shall be required that at least thirty percent of new business facility employees . . . meet the criteria established in section 135.240 [persons 'difficult to employ'] or are residents of the enterprise zone or some combination thereof." Because this additional requirement must be met each year the exemption is claimed, and because the period of the exemption is otherwise indefinite and indeterminate, the exemption vests only on a year-to-year basis.

While it is unfortunate that the DED represented to taxpayer that the exemption on the business as a whole would be valid for the full ten-year period, the DED had no authority to do so. Instead, the DED's authority was limited to administering the statute's requirements. Similarly, the DED's seemingly inconsistent stipulation before the AHC that the exemption was valid for ten years is also irrelevant. The parties' stipulation cannot change the words of the statute. Nor can it "bind or circumscribe a court in its determination of questions of law." *State v. Biddle,* 599 S.W.2d 182, 186 n. 4 (Mo. banc 1980).

This opinion need not address the extent to which the legislature can confer a vested right or interest on a party that enters into a transaction with the state under the terms of a definite and certain statute. As stated, however, the indefinite terms of the statutes involved here did not confer such an interest. Accordingly, it was the prerogative of the legislature to amend the statutes as it saw fit.

## III.

For the foregoing reasons, this Court holds that taxpayer did not have a vested

**526**

right to a ten-year exemption in one-half of its Missouri taxable income on the business as a whole; therefore, there is no violation of the constitutional prohibition against retrospective laws. The judgment is affirmed.

All concur.