Jane DOE, Appellant,

v.

**MISSOURI DEPARTMENT OF SO-
CIAL SERVICES, Division of Fam-
ily Services, Respondent.**

**No. ED 79884.**

Missouri Court of Appeals,
Eastern District,
Division One.

Feb. 26, 2002.

Rehearing Denied April 8, 2002.

Thomas T. Sanders, St. Louis, MO, for Appellant.

Bruce Antrim, St. Louis, MO, for Respondent.

WILLIAM H. CRANDALL, Jr., Presiding Judge.

Petitioner, Jane Doe, appeals from the judgment of the trial court determining that there was substantial evidence to support the decision of the Division of Family Services (hereinafter DFS) that there was probable cause to suspect her of child neglect. We affirm.

The parties submitted the case to the trial court on the following stipulated facts. The child, C.M., attended a day care center where petitioner was the administrator. C.M. was in the two-year-old room at the center when she drank a solution of two-thirds bleach and one-third water from a sports bottle. Petitioner made the bleach solution and placed it in the sports bottle, a container usually reserved for beverages. She did this to save money, despite other employees voicing their concerns over using a drink container to store bleach. Shortly before the incident occurred, petitioner directed the teacher in the two-year-old room to leave the room and to supervise another classroom. An assistant teacher was left alone in the room to supervise 12 to 13 two-year-old children. When the assistant teacher in C.M.'s classroom was unable to find a spray bottle used for cleaning purposes, petitioner told her where to find the sports bottle with the bleach solution. The assistant teacher was using the bleach solution to wash marker stains off the wall in the classroom when C.M. drank it. The assistant teacher noticed that C.M. smelled of bleach. C.M. also was crying and vomiting. She was taken to the hospital emergency room, where she was checked and given milk to drink. She received no further medical treatment. After conducting an investigation, the DFS determined that there was probable cause that petitioner neglected C.M. Petitioner requested de novo review.

The trial court upheld the decision. Petitioner appeals.

In her first point, petitioner contends the trial court erred in finding that her actions and omissions constituted neglect of C.M. as defined by section 210.110, RSMo 2000, and in holding that the term "lack of supervision" was a "subcategory of neglect defined by case law." Petitioner argues that "lack of supervision" was not defined in section 210.110; and that any definition from case law pertained to family law matters, not out-of-home situations. She also argues that the DFS's rules defining "neglect" and "lack of supervision" were not applicable to this case, because they were promulgated improperly under section 536.021, RSMo 2000.

Section 210.110(9) defines neglect as the "failure to provide, by those responsible for the care, custody, and control of the child, the proper or necessary support, education as required by law, nutrition or medical, surgical, or any other care necessary for the child's well-being." The statute does not relate exclusively to family situations, but is intended to apply to anyone who has responsibility for the care of the child. Petitioner fell within that category of persons and thus was within the statutory definition.

In addition, petitioner's actions demonstrated the failure to provide for C.M.'s well-being under section 210.110(9). She directed a teacher to leave the classroom, knowing that only one teacher was left to supervise 12 to 13 two-year-olds. She placed the bleach solution in a sports bottle, a container recognizable to children as holding a beverage. She knew that the assistant teacher was using the sports bottle with the bleach solution to clean the room, because she told the teacher where to find it. She disregarded the concerns voiced by other employees of the day care center about bleach being placed in a bev-

erage container. These actions were antithetical to "care necessary for the child's well-being" and constituted neglect as defined by section 210.110(9).

In view of our holding that petitioner's actions were encompassed within the statutory definition of neglect, we need not address her arguments relating to either the promulgation of rules by DFS or the definition of "lack of supervision." Here, the trial court found that petitioner's conduct was tantamount to neglect, clearly defined by statute. Her first point is denied.

■■■ In her second point, petitioner alleges that the trial court erred in failing to find unconstitutionally vague that portion of section 210.110(9) defining neglect as the "failure to provide ... any care necessary for the child's well-being."[1] She states that the phrase "well-being" is vague and thus subject to various interpretations.

It is the basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. The void for vagueness doctrine ensures that laws give fair and adequate notice of proscribed conduct and protects against arbitrary and discriminatory enforcement. The test in enforcing the doctrine is whether the language conveys to a person of ordinary intelligence a sufficiently definite warning as to the proscribed conduct when measured by common understanding and practices. However, neither absolute certainty nor impossible standards of specificity are required in determining whether terms are impermissible vague.

*Cocktail Fortune, Inc. v. Supervisor of Liquor Control,* 994 S.W.2d 955, 957 (Mo.

banc 1999) (citations omitted). Further, courts employ greater tolerance of enactments with civil rather than criminal penalties, because the consequences of imprecision are qualitatively less severe. *Id.*

Here, the term "well-being," as used in the statute, was not void for vagueness because it adequately described the proscribed conduct. Webster's Third New International Dictionary 2595 (1981) defines "well-being" as "the state or condition of being well" or "moral or physical welfare." A person of common intelligence would understand "well-being" to relate to the state of being physically well. Although it may be possible to hypothesize conduct where it is unclear that the conduct is harmful to a child's well-being, the hypothetical approach is not the appropriate standard for determining ambiguity; rather, the language is to be evaluated by applying it to the facts at hand. *See id.* at 958–959. In this case, the facts supported the finding that petitioner's conduct constituted neglect in that she failed to provide the care necessary to C.M.'s well-being. Petitioner's second point is denied.

■■■ In her third point, petitioner contends that the trial court erred in finding probable cause that petitioner's conduct constituted neglect, because C.M. did not suffer any actual injury. She argues that although section 210.110(9) did not require actual injury, DFS's handbook viewed actual injury as an essential element of neglect.

Here, we need not decide whether physical injury is a necessary prerequisite for neglect, because C.M. exhibited physical injury. "Physical injury," as defined by Black's Law Dictionary 1167 (7th ed.1999),

---

1. Generally, this court does not have jurisdiction of an appeal involving the constitutional validity of a state statute. *State v, Prowell,* 834 S.W.2d 852, 854 (Mo.App. E.D.1992).

Because we find petitioner's constitutional claim merely colorable and not substantial, this court has jurisdiction. *See id.*

**652**

is "[p]hysical pain, illness, or impairment of the body." C.M. suffered "physical injury" in that after ingesting the bleach solution, she cried and vomited several times. She was taken to the emergency room for treatment. It is irrelevant that her physical injury was neither serious nor of a permanent nature. Point denied.

In her last point, petitioner contends that the trial court erred in not awarding her attorney's fees.

Missouri courts adhere to the "American rule," which states that, ordinarily, litigants must bear the expense of their own attorney's fees. *Lett v. City of St. Louis*, 24 S.W.3d 157, 162 (Mo.App. E.D.2000). Attorney's fees may be awarded to a successful litigant only where they are provided for by statute or by contract, where very unusual circumstances exist so it may be said equity demands a balance of benefits, or where the attorney's fees are incurred because of involvement in collateral litigation. *Id.* None of these exceptions are present in this case. In addition, petitioner was not the prevailing party and thus was not entitled to attorney's fees. Petitioner's fourth point is denied.

The judgment of the trial court is affirmed.

KATHIANNE KNAUP CRANE, J. and ROBERT G. DOWD, JR., J., Concur.