Zerebrook GEBRU et al.,
Plaintiff/Appellants,

v.

ST. LOUIS COUNTY, Missouri et al., Defendants/Respondents.

No. ED 83581.

Missouri Court of Appeals,
Eastern District,
Division Five.

May 18, 2004.

Lee Goodman, St. Louis, MO, for Appellant.

Michael A. Shuman, Clayton, MO, for Respondent.

SHERRI B. SULLIVAN, Chief Judge.

## Introduction

Zerebrook Gebru (Gebru) and Selamawit M. Asfaw (Asfaw) (collectively Appellants) appeal from a trial court judgment granting Respondents' motion for summary judgment and dismissing Appellants' petition with prejudice. The action stems from a denial by the St. Louis County

Council (the Council) of Appellants' applications for taxicab licenses. We dismiss in part and affirm in part.

*Factual and Procedural Background*

Appellants are African–Americans. On January 7, 1997, Appellants, d/b/a Brook's Transport Company (BTC), filed an application with the St. Louis County Department of Public Works (the Department) for a license to operate a taxicab business at Lambert–St. Louis International Airport (the Airport) in St. Louis County. On January 17, Asfaw, d/b/a Sally Transport Company (STC), filed a similar application. Each application sought ten taxicab licenses, for a total of twenty licenses.

At the time of Appellants' applications, St. Louis County required and issued licenses to operate taxicab businesses pursuant to Chapter 806 of the St. Louis County Revised Ordinances (SLCRO) 1974 as amended. Under Section 806.030, the Director of the Department referred taxicab business license applications to the Council for approval or disapproval by order. In reviewing any application, the Council evaluated and considered the following:

(a) Whether the demands of the public require the proposed service as additional service in the County;

(b) The financial responsibility of the applicant;

(c) Whether the proposed taxicab service ... will cause a significant increase in traffic congestion and/or will cause any increase in demand for parking space upon the street and roads of the County;

(d) Whether the safe use of the streets by the public, both vehicular and pedestrian, will be preserved;

(e) Whether the proposed vehicles to be used as taxicab ... are safe, are

reliable and taximeters in the taxicabs are accurate;

(f) Any other relevant factors the Council deems advisable or necessary to consider.

In April and May 1997, the Public Improvements Committee (the Committee) of the Council held public hearings to consider whether or not additional taxicab licenses were needed at the Airport. Testimony and presentations occurred at both hearings. In March 1998, the Committee held an executive session to review the testimony and presentations from the earlier hearings. The Committee passed a motion to recommend to the Council that no additional taxicab licenses for the Airport be issued because no current need for them existed.

In April 1998, based on the Committee's recommendation and the considerations under Section 806.030 SLCRO 1974 as amended, the Council issued an order denying all pending applications for taxicab licenses at the Airport, which included Appellants' applications. The Council found that the existing 129 taxicab licenses issued for the Airport are sufficient to serve the traveling public and that additional taxicab licenses would cause increased traffic congestion at the Airport and on the roads serving the Airport. The Council also found that increased sources of transportation from the Airport, including hotel vans and Metrolink service, have reduced the need for taxicabs at the Airport and that the demands of the public, including handicapped travelers, do not require additional taxicab service. The Council further found that there is insufficient room at the Airport to accommodate additional and unnecessary taxicabs.

In April 2002, Appellants filed in the trial court a petition for review of the Council's order pursuant to Section 536.150 RSMo (2000) (Count I). Appel-

lants also sought alternative relief for deprivation of their civil rights under 42 U.S.C.1983 by alleging that the denial of their applications was based on unconstitutional racial discrimination (Count II). Respondents filed answers to Appellants' petition.

In May 2003, the Council adopted Ordinance No. 21, 419 that repealed Chapter 806 SLCRO 1974 as amended. The Council took this action in response to Section 67.1800 et seq. RSMo (2000), effective August 31, 2002, which established a regional taxicab commission responsible for licensing all taxicabs in an established district, including St. Louis County.

Subsequently, Respondents filed an amended answer to Appellants' petition arguing that Count I was moot because the legal authority of St. Louis County to issue taxicab licenses had been repealed by operation of Ordinance No. 21,419 and Section 67.1800 et seq. RSMo (2000). Respondents also filed a motion for summary judgment, accompanied by a Statement of Uncontroverted Material Facts and exhibits, arguing that no case or controversy existed between the parties as to the issues raised in Count I and that the denial of Appellants' applications was based on race-neutral reasons and made without racially discriminatory intent. Appellants filed a response to the motion for summary judgment that included bare factual denials with no attached discovery, exhibits or affidavits.

The trial court entered a judgment granting Respondents' motion for summary judgment and dismissing Appellants' petition with prejudice. As to Count I, the trial court found that the denial of the taxicab licenses was not done arbitrarily or capriciously nor was it unconstitutional or unlawful. The court also noted that Appellants' request for relief is now impossible for the court to order. As to Count II,

the trial court found that Appellants presented no evidence that Respondents violated 42 U.S.C.1983 in that "allegations are not evidence." The trial court noted that apparently Appellants had not engaged in any discovery since the filing of their petition.

Appellants filed a motion to reconsider, set aside, or vacate the judgment, which the trial court denied. Appellants appeal from the judgment.

## Discussion

■ Appellants raise three points on appeal. In their first point, Appellants argue that the trial court erred in granting summary judgment to Respondents as to Count I because a material issue of fact existed as to whether the Council's order was arbitrary, capricious, unlawful, unreasonable, or an abuse of discretion. Before addressing the merits of this point, we must first address a threshold question in any appellate review of a controversy, namely, the mootness of the controversy.

■ Because mootness implicates the justiciability of a case, we may dismiss a case for mootness *sua sponte. State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001). The existence of an actual and vital controversy susceptible of some relief is essential to appellate jurisdiction. *Id.* When an event occurs that makes a court's decision unnecessary or makes granting effectual relief by the court impossible, the case is moot and generally should be dismissed. *Id.*

In their prayer for relief under Count I of their petition, Appellants requested that the trial court "render judgment reversing the Council's decision (Order) denying Petitioners' Applications, ordering the Council to issue the taxicab licenses for which Petitioners have applied, awarding Petitioners their attorney's fees and costs incurred herein and awarding such further relief as the Court deems proper."

Subsequent to the filing of Appellants' petition, by virtue of Ordinance No. 21,419 and Section 67.1800 et seq. RSMo (2000), St. Louis County no longer has legal authority to issue taxicab licenses, as requested by Appellants. Thus, the trial court was correct in concluding that the relief Appellants seek is impossible for the court to order,[1] and thereby dismissing Count I. Therefore, because the court cannot grant effectual relief to Appellants under Count I of their petition, their claim is moot.[2] Accordingly, Appellants' point one on appeal is dismissed as moot.

In their second point on appeal, Appellants argue that because their request for relief under Count I included attorney's fees and costs, an actual and vital controversy susceptible of some relief still remains, and therefore, their claim under Count I is not moot.

■ Missouri courts adhere to the American Rule, which states that, with few exceptions, litigants must bear the expense of their own attorney's fees, unless provided for by contract or statute. *Doe v. Dep't of Social Services,* 71 S.W.3d 648, 652 (Mo. App. E.D.2002). None of the exceptions to the general rule were pled or argued by Appellants. Further, we need not address whether any exceptions would apply because to be entitled to attorney's fees, Appellants must be the prevailing party.

*See Id.* Because their claim under Count I of their petition is moot, Appellants were not and cannot be the prevailing party, and therefore they are not entitled to attorney's fees.[3]

Moreover, the trial court resolved Appellants' claim for costs by stating in its judgment "costs taxed to petitioners." *See Paric Corp. v. Murphy,* 903 S.W.2d 285, 288 (Mo.App. E.D.1995). Accordingly, Appellants' point two on appeal is denied.[4]

■ In their third point on appeal, Appellants argue that the trial court erred in granting summary judgment to Respondents as to Count II because a material issue of fact existed as to whether Appellants were denied their constitutional rights to equal protection under the laws.

Supreme Court Rule 74.04(c)(2) provides that a denial in a response to a motion for summary judgment may not rest upon mere allegations. Rather, the response shall support each denial with specific references to the discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial. Attached to the response shall be a copy of all discovery, exhibits or affidavits on which the response relies.

In their response to Respondents' motion for summary judgment, Appellants generally deny Respondents' factual statements regarding Count II and allege that

1. We note that Appellants may find relief by filing taxicab license applications pursuant to Section 67.1800 et seq. RSMo (2000).

2. We note that prior to submission of this case, Respondents filed with this Court a copy of the most recent, and current, version of the Vehicle for Hire Code promulgated by the Metropolitan Taxicab Commission. A review of the document confirms that Appellants' claim remains moot for the reasons stated above. In deciding whether or not a case is moot, we are allowed to consider matters outside of the record on appeal. *Reardon,* 41 S.W.3d at 473.

3. We note that even if Appellants' claim under Count I was not moot, a review of the record *ex gratia* reveals that the decision of the Council to deny Appellants' applications was not unlawful, unreasonable, arbitrary, capricious, or an abuse of discretion.

4. In the argument portion under their point two on appeal, Appellants maintain that they challenge "the policy of the manner in which licenses are issued" and that this challenge also negates the mootness of Count I. Even if this argument is preserved, we find it meritless.

"prior to the time Petitioners applied for a taxicab license there were no African–Americans or any other minority group with license to operate a taxicab at the Lambert Airport." Appellants provided no support for this allegation with specific references to discovery, exhibits or affidavits that demonstrate specific facts showing that there is a genuine issue for trial.[5]

■ There is no dispute that Section 806.030 SLCRO 1974 as amended was race-neutral on its face. Also, the Council's order denying all pending applications for taxicab licenses at the Airport makes no mention of race as a factor in its decision. Appellants cite no part of the record and present no evidence showing that the Council's decision was motivated by a racially discriminatory intent. Conclusory allegations do not create a genuine issue of material fact. *Garrett v. Impac Hotels 1, L.L.C.,* 87 S.W.3d 870, 872 (Mo.App. E.D. 2002). Therefore, the trial court did not err in granting summary judgment to Respondents. Accordingly, Appellants' point three on appeal is denied.

### *Conclusion*

Because the court cannot grant effectual relief to Appellants under Count I of their petition, their claim is moot, and accordingly, this portion of their appeal is dismissed. In all other respects, the judgment of the trial court is affirmed.

GEORGE W. DRAPER III, J. and PATRICIA L. COHEN, J., concur.

assistance to Appellants. *See Buchanan v. Cabiness,* 362 Mo. 985, 245 S.W.2d 868, 873 (Mo. banc 1951) ("The general rule is that when an order or judgment is vacated the previously existing status is restored and the situation is the same as though the order or judgment had never been made.").