**HALLMARK CARDS, INC., Appellant,**

v.

**DIRECTOR OF REVENUE,**
Respondent.

No. SC 86332.

Supreme Court of Missouri,
En Banc.

March 15, 2005.

Rehearing Denied April 26, 2005.

Edward F. Downey, Jefferson City, B. Derek Rose, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, State Solicitor, Roger L. Freudenberg, Jefferson City, for respondent.

RICHARD B. TEITELMAN, Judge.

Hallmark Cards, Inc., seeks review of the Administrative Hearing Commission's decision that Hallmark is not entitled to interest on sales tax that it overpaid from June 2000 through May 2003. The Commission's decision is affirmed.

### FACTS

The relevant facts are undisputed. During the period from June 2000 through May 2003, Hallmark erroneously paid sales

taxes on food and drink sales in its private dining room. On June 18, 2003, Hallmark filed a sales tax refund claim of $695,433.87. The director determined that a refund was due and agreed with Hallmark that the refund amount should be reduced by the amount of tax due on Hallmark's purchases of meal and drink components. On October 21, 2003, the director issued sales tax refund of $555,705.93. The director did not pay interest on the refund.

On December 11, 2003, Hallmark filed a complaint with the Administrative Hearing Commission seeking approximately $40,000 in interest on its refund claim. On August 31, 2004, the Commission affirmed the director's decision, holding that Hallmark was not entitled to interest. Hallmark filed a petition for review of the Commission's decision in this Court.

### ANALYSIS

■ This Court reviews de novo the Commission's construction of state revenue laws. *Buchholz Mortuaries v. Director of Revenue*, 113 S.W.3d 192, 193 (Mo. banc 2003). The Commission's decision will be upheld if authorized by law and supported by competent and substantial evidence upon the whole record. Section 621.193, RSMo 2000.

■ Hallmark argues that section 144.190.2, in conjunction with section 32.065, entitle it to interest. Section 144.190.2 provides that:

If any tax, penalty or interest has been paid more than once, or has been erroneously or illegally collected, or has been erroneously or illegally computed, such sum shall be credited on any taxes then due from the person legally obligated to remit the tax pursuant to sections 144.010 to 144.525, and the balance, *with interest as determined by section 32.065, RSMo,* shall be refunded to the person legally obligated to remit the tax, but no such credit or refund shall be allowed unless duplicate copies of a claim for refund are filed within three years from date of overpayment (emphasis added).

Section 32.065 provides that the director shall establish an interest rate reflecting the average predominant prime rate quoted by commercial banks to large businesses, as determined by the Federal Reserve.

Section 144.190.2 and section 32.065 have, until recently, governed the payment of interest on sales tax refunds. On June 19, 2002, however, the general assembly enacted two statutes altering the availability of interest on sales tax refunds. The first statute, section 32.068, provides that "[b]eginning January 1, 2003, the director of revenue shall apply the calculated rate of interest as determined by this section to all applicable situations." Section 32.068.3 RSMo Supp.2003.

The second statute, section 32.069 RSMo Supp.2003, provides in relevant part that:

1. *Notwithstanding any other provision of law to the contrary,* interest shall be allowed and paid on any refund or overpayment at the rate determined by section 32.068 *only if the overpayment is not refunded within one hundred twenty days* from the latest of the following dates:

(1) The last day prescribed for filing a tax return or refund claim, without regard to any extension of time granted;

(2) The date the return, payment, or claim is filed; or

(3) The date the taxpayer files for a credit or refund and provides accurate and complete documentation to support such claim (emphasis added).

"In determining the meaning of a statute, the starting point is the plain language of the statute itself." *International Business Machines Corp. v. Director of Revenue*, 958 S.W.2d 554, 557 (Mo. banc 1998). The plain language of section 32.068.3 requires the director, beginning January 1, 2003, to pay interest in all "applicable situations" as calculated by section 32.068, not section 32.065. Hallmark concedes that a refund is an "applicable situation." Furthermore, section 32.069 removes the director's authority to pay interest if the refund is paid within 120 days. Hallmark filed its refund claim after January 1, 2003 and admits that the director made the refund within 120 days after the latest of the dates set forth in the statute. Therefore, the plain language of section 32.068 and section 32.069 provides that Hallmark is not entitled to interest on its sales tax refund.

Hallmark nonetheless argues that section 32.068 and section 32.069 are inapplicable because the statutes cannot be given retrospective effect to interfere with its vested right in interest that accrued on the overpaid sales tax prior to the effective date of the statutes. This argument incorrectly assumes that the right to interest vests independent of a refund claim. A vested right is "a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another." *La–Z–Boy Chair Co. v. Director of Economic Development*, 983 S.W.2d 523, 524 (Mo. banc 1999) (quoting, *Fisher v. Reorganized School Dist.*, 567 S.W.2d 647, 649 (Mo. banc 1978)). A vested right "must be something more than a mere expectation based upon an anticipated continuance of the existing law." *Id.* In this case, interest does not apply to a refund claim unless a statute expressly makes it applicable. *International Business Machines Corp. v. State Tax Commission*, 362 S.W.2d 635, 641 (Mo.1962). Under section 144.190.2, "no credit or refund shall be allowed unless duplicate copies of a claim for refund are filed." Although a sales tax may be overpaid, there is no right to receive a refund, and thus no right to receive interest, until a claim is filed under section 144.190.2. Hallmark chose to file its request for a refund after the new statutory provisions became applicable and is, therefore, subject to those provisions.

The decision of the Administrative Hearing Commission is affirmed.

WHITE, C.J., WOLFF, STITH and LIMBAUGH, JJ., and VINCENT, Sp.J., concur.

PRICE, J., dissents in separate opinion filed.

RUSSELL, J., not participating.

WILLIAM RAY PRICE, JR., Judge, dissenting.

## I.

I respectfully dissent because a statute may not be applied retrospectively without clear legislative intent.

Between June 2000 and May 2003, Hallmark overpaid its Missouri and local sales tax. During most of that period, the statutes governing tax refunds mandated that interest be paid on overpaid taxes. Sec. 144.190.2, RSMo 2000. On June 19, 2002, a new statutory scheme governing tax refunds was enacted. In January of 2003, the statutory provision took effect that allows for a new method of interest calculation on tax refunds. As part of this new scheme, the director of revenue can now avoid paying any interest when refunds are handled within 120 days of filing.

On June 18, 2003, Hallmark filed a claim for a refund and interest on all of its overpaid taxes. The director issued the refund and denied the request for all interest both before and after December 31, 2002, because it handled the refund within 120 days of filing. Hallmark disputes the denial of interest on its refund from the period before December 31, 2002, because the statute did not expressly provide for retroactive application.

"Statutes are generally presumed to operate prospectively, unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication." *Dept. of Soc. Serv. v. Villa Capri Homes, Inc.*, 684 S.W.2d 327, 332 (Mo.1985) (internal cite omitted). Formerly the payment of interest was governed by section 144.190.2, which provides:

> If any tax, penalty or interest has been paid more than once, or has been erroneously or illegally collected, or has been erroneously or illegally computed, such sum shall be credited on any taxes then due from the person legally obligated to remit the tax pursuant to sections 144.010 to 144.525, and the balance, with interest as determined by section 32.065, RSMo, shall be refunded to the person legally obligated to remit the tax.... 

In contrast, the new scheme established by section 32.069, RSMo Cum.Supp.2003, provides: "Notwithstanding any other provision of law to the contrary, interest shall be allowed and paid on any refund or overpayment at the rate determined by section 32.068 only if the overpayment is not refunded within one hundred twenty days...." Section 32.068, in turn, provides: "Beginning January 1, 2003, the director of revenue shall apply the calculated rate of interest as determined by this section to all applicable situations." Sections 32.068 and 32.069 give no express indication that the new scheme applies retrospectively to interest accrued before the January 1, 2003 beginning date.

Section 144.190.2, the existing authority before the change, provided for payment of interest regardless of the director's timeliness in issuing the refund. The majority correctly cites *International Business Machines Corporation v. Director of Revenue* for the proposition that interest does not apply to a refund claim unless a statute expressly provides for it. 362 S.W.2d 635, 641 (Mo.1962). However, the Court then incorrectly looks to the new statute rather than the statute in existence when Hallmark's interest was accruing. Section 144.190.2 governed all of Hallmark's claims arising from refunds pertaining to taxes before the new scheme took effect. Section 144.190.2 expressly provides that "the balance, with interest as determined by section 32.065, RSMo, shall be refunded...."

Without an express statutory statement that the old scheme should be retrospectively supplanted, Hallmark is entitled to accrued interest on its refund through December 31, 2002.