

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI EX REL., JUSTICE FOR KEN, KATHY ALLEN, and VINCENT BANDERMANN, | ) ) ) ) | No. ED106758 |
| Appellants, | ) ) | Appeal from the Circuit Court of Franklin County |
| vs. | ) ) | |
| ROBERT E. PARKS, | ) ) | Honorable Darrell E. Missey |
| and | ) ) | |
| FRANKLIN COUNTY PROSECUTING ATTORNEY'S OFFICE, | ) ) ) | |
| Respondents. | ) | FILED: March 12, 2019 |

## Introduction

Justice for Ken, Kathy Allen, and Vincent Bandermann ("Appellants") appeal from the trial court's dismissal of a petition for a writ of mandamus seeking to compel Prosecuting Attorney Robert Parks ("Prosecutor Parks") to recuse himself and appoint a special prosecutor. Appellants argue that the trial court erred in dismissing the petition for several reasons. However, because Appellants' claims are inextricably tied to the alleged improper conduct of Prosecutor Parks, his retirement from his position as the Prosecutor for Franklin County renders the appeal moot. Accordingly, we dismiss the appeal.

## Factual and Procedural History

We take as true the factual allegations in the petition for a writ of mandamus, reprised below. See State ex rel. Cmty. Treatment, Inc. v. Mo. Comm'n on Human Rights, 561 S.W.3d 107, 111 (Mo. App. W.D. 2018).

The State charged three defendants with second-degree murder, first-degree burglary, and receiving stolen property in connection with the death of Kenneth Allen, Jr. ("Allen"). Prior to his death in 2016, Allen had served as a treatment provider for the Franklin County Drug Court. After his contract was terminated, Allen brought a wrongful termination suit in federal court against the Franklin County Assistant Prosecuting Attorney, Jennifer Bartlett. Because Allen's suit—which has since been dismissed—remained pending when he died, the Franklin County Sheriff's Department requested that the Major Case Squad and the F.B.I. investigate the charges around Allen's death in order to avoid the appearance of a conflict of interest. The investigation revealed that the cause of Allen's death was homicide by asphyxiation and neck compression.

Allen's daughter, Kathy Allen ("Kathy"), is Allen's victim representative under RSMo Chapter 595[1] and a member of Justice for Ken—an unincorporated organization created to address issues surrounding Allen's murder. Prosecutor Parks told Allen's family that the defendants had planned together to kill Allen in retaliation for a prior incident in which Allen took the brother of one of the defendants to the hospital following a drug overdose. Prosecutor Parks misstated the cause of death by indicating to Kathy that Allen had no ligature marks or bruising around his neck. Prosecutor Parks further misinformed Kathy that the defendants would have to serve eighty-five percent of their prison sentences before becoming eligible for parole.

---

[1] All Chapter references are to RSMo (2016).

2

Prosecutor Parks notified Kathy that he reached plea agreements in which the defendants would be sentenced to prison terms of ten years for burglary and seven years for involuntary manslaughter, reduced from second-degree murder, with the charge for receiving stolen property to be dismissed. Two of the defendants consented to that plea agreement, but the trial court rejected their guilty pleas because the agreements were too lenient. Prosecutor Parks negotiated a second plea agreement with those defendants, and the trial court again rejected the agreements for being too lenient. Following the trial court's second rejection of the plea agreements, Prosecutor Parks stated his intention to dismiss all counts against the defendants, leaving only the charge of involuntary manslaughter.

Kathy, Justice for Ken, and Vincent Banderman—a taxpayer, voter, and resident of Franklin County—filed a petition for a writ of mandamus requesting that the trial court order Prosecutor Parks recuse himself from prosecuting the defendants charged with Allen's homicide. Prosecutor Parks and the Franklin County Prosecuting Attorney's Office (collectively "Respondents") moved to dismiss the writ petition for failure to state a claim upon which relief could be granted. The parties prepared briefs and argued their positions at a hearing before the trial court. No party sought an evidentiary hearing. The trial court granted the motion and dismissed Appellants' writ petition, finding that a suit by a victim against an assistant prosecutor does not create a conflict of interest preventing the prosecuting attorney's office from prosecuting crimes against that victim.[2] The trial court further recognized that "[i]f the allegations in the [p]etition are true, this Court agrees that the conduct of the [Prosecutor Parks] is despicable" but that the decision to disqualify a prosecutor "must be based upon an actual

---

[2] The trial court also sua sponte held that any claims by Justice for Ken lacked standing and were dismissed on that basis. The trial court further found that the remaining Appellants' standing was "dubious as to whether every member of the public has standing to challenge the actions of prosecuting attorneys" but proceeded with the analysis as if they had standing.

3

conflict of interest . . . [not] because he [isn't] doing a good job[.]" (internal citations omitted). The trial court concluded that the writ petition lacked a legal basis on which to disqualify Prosecutor Parks.

## Points on Appeal

Appellants raise three points on appeal from the trial court's judgment. In Point One, Appellants argue the trial court erred in finding the petition for the writ of mandamus contained no basis to disqualify Prosecutor Parks because Prosecutor Parks had a duty under Professional Conduct Rule 4-1.7[3] to recuse himself in order to avoid the appearance of a conflict of interest. In Point Two, Appellants contend the trial court erred in dismissing the writ petition without an evidentiary hearing. In Point Three, Appellants claim the trial court erred in holding Justice for Ken lacked standing to bring the writ petition because unincorporated associations have the capacity to bring suit.

## Mootness

"A threshold question in any appellate review of a controversy is the mootness of the controversy." Kinsky v. Steiger, 109 S.W.3d 194, 195 (Mo. App. E.D. 2003). Here, Respondents assert Appellants' appeal is moot and should be dismissed. "A cause of action is moot when the question presented for decision seeks a judgment over some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy." Humane Soc'y of U.S. v. State, 405 S.W.3d 532, 535 (Mo. banc 2013) (quoting C.C. Dillon Co. v. City of Eureka, 12 S.W. 3d 322, 325 (Mo. banc 2000)). It is well-settled in Missouri that we do not review moot cases. Kinsky, 109 S.W.3d at 195. When an event occurs that renders the decision moot, we will dismiss the appeal. Humane Soc'y, 405 S.W.3d at 535.

---

[3] All Rule references are to Mo. Sup. Ct. R. (2016) unless otherwise indicated.

4

We *must* dismiss moot appeals except "in two narrow situations: [1] when the case becomes moot after submission and argument, and [2] when the issue raised has general public interest and importance and is likely to recur and will otherwise evade appellate review." In re J.T.S., 462 S.W.3d 475, 478 (Mo. App. W.D. 2015) (quoting In re J.L.R., 257 S.W.3d 163, 166 (Mo. App. W.D. 2008)). If an exception to the mootness doctrine applies, our dismissal of a moot appeal becomes discretionary. T.D.H. v. O'Connell, 258 S.W.3d 850, 851 (Mo. App. E.D. 2008).

Appellants concede this appeal is moot. Appellants appeared for oral argument on February 26, 2019. Prosecutor Parks retired from his position as Prosecuting Attorney in Franklin County as of January 1, 2019, prior to argument before this Court in February 2019. Prosecutor Parks's retirement—with the resulting removal of Prosecutor Parks from the Franklin County Prosecuting Attorney's Office and from the case of the remaining defendant[4]—is an intervening event that has ended the live controversy between Appellants and Prosecutor Parks. Thus, reversal here would afford Appellants no relief. We recognize too that other remedies are not within our purview, including the election of prosecutors by their constituents and the regulation of attorneys' professional conduct by the Supreme Court of Missouri.

Nevertheless, Appellants urge us to exercise our discretion to review the case under the public interest exception.[5] We construe the public interest exception "very narrow[ly.]" City of Manchester v. Ryan, 180 S.W.3d 19, 22 (Mo. App. E.D. 2005). Initially, the appeal must present a matter of general public interest and importance. In re J.T.S., 462 S.W.3d at 478. Appellants contend this criterion is met because the appeal asks whether crime victims and citizens have a

---

[4] Two defendants' cases have final judgments from which the time to appeal has expired.
[5] We note that the first mootness exception does not apply because the case became moot before argument. In re J.T.S., 462 S.W.3d at 479 n.5 (internal citation omitted).

5

legal remedy, through a writ of mandamus, to compel a prosecutor to engage in a particular course of conduct. Specifically, here, Appellants seek to enforce a prosecutor's duty to disqualify himself from a case under the Rules of Professional Conduct governing conflicts of interest.

While the rights and obligations among victims, citizens, and prosecutors generally concern a matter of public interest and importance, we are not persuaded that the issue alleged here "is likely to recur and will otherwise evade appellate review" such that we should disregard the clear-cut mootness of this appeal. In re J.T.S., 462 S.W.3d at 478. The paramount focus of Appellants' appeal and sought-after relief is the conduct of an individual prosecutor who is no longer in office nor involved in the underlying criminal cases. While Appellants advocate that a ruling with regard to Prosecutor Parks may serve as guidance for other prosecutors, the trial court's judgment reflects that Prosecutor Parks's conduct stood as an outlier, beyond the pale, and the Appellants' desired remedy of Prosecutor Parks removing himself from the cases has been achieved. Although we discern the egregiousness of Prosecutor Parks's alleged misconduct—misstating the law and facts to the family of a homicide victim and ultimately failing to hold the defendants accountable—we generally decline to apply a mootness exception when the primary relief sought is limited to a single individual. See e.g., Broyles v. Dep't of Cmty. Health & Env't of St. Charles Cty, 456 S.W.3d 517, 520 (Mo. App. E.D. 2015) (declining to apply the public interest mootness exception to a euthanasia appeal pertaining to one specific animal); Carlisle v. Carlisle, 277 S.W.3d 801, 802 (Mo. App. E.D. 2009) (noting that courts decline to apply the public interest mootness exception to sufficiency-of-the-evidence challenges to individual Adult Abuse Act protective orders); Ryan, 180 S.W.3d at 23 (declining to apply the public interest mootness exception where an alderman's reelection defeat rendered his suit over

6

the city's closed-meetings policy moot). Further, in the event that a future victim asserts a claim alleging impropriety by a different prosecutor, we have no reason to expect the issue would be incapable of appellate review. See Ryan, 180 S.W.3d at 22; In re J.T.S., 462 S.W.3d at 478. Therefore, because reversal would give Appellants no remedy and the particular facts of Prosecutor Parks's conduct do not justify an exception to mootness, we dismiss the appeal.

Conclusion

The appeal is dismissed as moot.

_____
KURT S. ODENWALD, Judge

Lawrence E. Mooney, P.J., concurs.
James M. Dowd, J., concurs.