

# In the Missouri Court of Appeals
# Eastern District

**DIVISION FIVE**

| | | |
|---|---|---|
| HERBERT MORRISON, | ) | No. ED110776 |
| | ) | |
| Appellant, | ) | Appeal from the Circuit Court |
| | ) | of St. Louis County |
| vs. | ) | |
| | ) | Hon. Nancy Watkins McLaughlin |
| KAREN GOODWIN, CITY CLERK FOR | ) | |
| THE CITY OF FLORISSANT, MISSOURI, | ) | |
| | ) | |
| Respondent. | ) | FILED: May 16, 2023 |

## Introduction

Herbert Morrison ("Morrison") appeals from the trial court's judgment dismissing his action seeking to compel the city clerk, Karen Goodwin ("Clerk Goodwin"), of the City of Florissant (the "City") to process his complaint of police misconduct. Morrison raises seven points on appeal. Because Clerk Goodwin no longer has authority to receive or forward complaints of police misconduct under the applicable City ordinance, Morrison's claim is moot. Therefore, we do not have jurisdiction over the case and do not reach the merits of his arguments. Accordingly, we dismiss the appeal.

## Factual and Procedural History

On December 14, 2020, the City enacted Ordinance No. 8657,[1] which added Section 125.270 to the Florissant Code of Ordinances, thereby establishing a Citizens Police Review

---

[1] All Ordinance references are to the Code of the City of Florissant, Missouri.

Board (the "Board"). Section 125.270 allowed individuals to file complaints concerning police officer misconduct. Section 125.270 defined a "complaint" as "a written statement alleging misconduct of a police officer or employee of the police department involving interaction with the public[.]" Under the 2020 version of Section 125.270, complaints could be filed with the Florissant Police Department (the "Police Department"), the Board, or the city clerk.

By establishing the Board, the City replaced Police Department General Orders 3-4, Complaint Policy ("General Orders 3-4"), which was the City's previous mechanism allowing individuals to file complaints of police misconduct. General Orders 3-4 provided that "[i]f the complaint was sustained, the person [who filed the complaint] will only be told that 'appropriate disciplinary action will be taken.' The specific disciplinary action may not be released." Under General Orders 3-4, the city clerk was not involved in the complaint process.

On April 14, 2021, Morrison submitted to Clerk Goodwin multiple complaints of police misconduct occurring between November 11, 2013 and April 16, 2015.[2] On April 20, 2021, Clerk Goodwin informed Morrison that his complaints could not be filed with the Board because the complaints were untimely. Section 125.270(H)(3) (2020) requires complaints to be filed within one year from the date of the alleged misconduct.[3]

On March 24, 2022, Morrison filed a pro se pleading styled "Petition for Writ of Mandamus Amended to Petition for Judicial Review of Administrative Decision" ("Amended Petition") in the circuit court. The Amended Petition sought an order requiring Clerk Goodwin to forward his complaints to the Board. Morrison asserted that General Orders 3-4 contained no

---

[2] Morrison also alleges that in 2017, he filed complaints with the Police Department under General Orders 3-4.

[3] In particular, a complaint "must be filed within ninety (90) days from the date of the alleged misconduct, unless the complainant shows good cause for the delay in submitting the complaint, *but in all circumstances, complaints must be filed within one (1) year of the alleged misconduct*." Section 125.270(H)(3) (2020) (emphasis added). When timely filed, "[t]he recipient of the complaints shall promptly forward complaints to the Police Chief, and the Police Chief shall notify the Board Chair of the nature of the complaint within forty-eight (48) hours of receipt of the complaint." Id.

2

temporal limitation and argued that Clerk Goodwin's "enforcement of Section 125.270(H)(3) of Ordinance No. 8657 violates Missouri's constitutional provision against laws retrospective in operation" and "further violat[es] Article I, Section 9 of the Missouri Constitution by denying Morrison his binding right to petition the City of Florissant for a redress of grievances regarding the intentional misconduct by the City's police officers." We interpret Morrison's argument to be that Clerk Goodwin's retroactive enforcement of the time requirement for filing complaints under the 2020 ordinance denied him his vested right to file a complaint of police misconduct because the prior General Orders 3-4 had no temporal limitation.

In 2022, the Florissant City Council passed Ordinance No. 8787, amending Section 125.270(H)(1) to, *inter alia*, remove the city clerk as an authorized recipient of any complaint of police misconduct. Clerk Goodwin subsequently moved to dismiss the Amended Petition as moot claiming she lacked authority to provide Morrison the relief he sought in his Amended Petition. The circuit court granted Clerk Goodwin's motion to dismiss. Morrison now appeals.

Jurisdiction

**I.      Issue of Mootness**

Preliminarily, Clerk Goodwin argues this Court is without jurisdiction to address Morrison's appeal because the underlying controversy is moot. Specifically, Clerk Goodwin posits that she has no authority to receive or forward Morrison's police complaints because Ordinance No. 8787 removed the city clerk as a proper recipient of complaints under Section 125.270(H)(1) (2022).

"Mootness implicates the justiciability of a controversy and is a threshold issue to appellate review." LeBeau v. Comm'rs of Franklin Cnty., 459 S.W.3d 436, 438 (Mo. banc 2015) (internal citation omitted). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not

3

have any practical effect upon any then existing controversy." Humane Soc'y of United States v. State, 405 S.W.3d 532, 535 (Mo. banc 2013) (quoting C.C. Dillon Co. v. City of Eureka, 12 S.W.3d 322, 325 (Mo. banc 2000)). "When an event occurs which renders a decision unnecessary, the appeal will be dismissed." Id. "Missouri courts do not decide moot issues." MacFarlane v. Wheeler, 285 S.W.3d 818, 819 (Mo. App. E.D. 2009).

We recognize two narrow exceptions to mootness permitting appellate review: "(1) when a case becomes moot after submission and argument . . . and (2) when the issue raised is one of general public interest and importance, recurring in nature, and will otherwise evade appellate review." State ex rel. Peters-Baker v. Round, 561 S.W.3d 380, 384–85 (Mo. banc 2018) (internal citations omitted).

In this case, the Amended Petition challenged enforcement of Section 125.270(H)(3) (2020) under the prior Ordinance No. 8657. Specifically, Morrison sought injunctive relief asking the circuit court to order Clerk Goodwin to forward his April 2021 complaints to the Board. Initially, Clerk Goodwin informed Morrison that she could not forward his complaints to the Board because Morrison did not timely file the complaints as required by ordinance. The City later enacted Ordinance No. 8787, which modified Section 125.270(H)(1) by removing the city clerk as a proper recipient of a complaint of police misconduct. Accordingly, under Section 125.270(H)(1) (2022), Clerk Goodwin is no longer authorized to receive or forward police complaints. The issue before us is whether the enactment of Ordinance No. 8787 in 2022 renders the case moot.

A.    Ordinance Amendment Renders Morrison's Claim Moot

Morrison first argues that Ordinance No. 8787 did not remove Clerk Goodwin as a proper recipient of citizen police complaints. Morrison misguidedly focuses on a provision in Ordinance No. 8787 that removed civilian employees within the Police Department from the

4

review process. Morrison maintains that because the city clerk is not a civilian employee of the Police Department, Clerk Goodwin was not removed as a proper recipient of police complaints. But Ordinance No. 8787 addressed who could be the *subject* of a complaint of misconduct and not who could receive such complaints. Under the prior Ordinance No. 8657, civilian employees within the Police Department were included among the persons against whom citizens could file complaints with the Board alleging misconduct. Ordinance No. 8787 simply removed civilians employed by the Police Department as proper *subjects* of misconduct complaints. Contrary to Morrison's assertion, the reference to civilian employees in Ordinance No. 8657 does not pertain to the proper *recipient* of police misconduct complaints.

When analyzing the issue of who is an authorized recipient of a police complaint under the Florissant Code of Ordinances, we consider the plain language of both Ordinance No. 8657 and the language of Ordinance 8787. We note that Ordinance No. 8657, Section 125.270(H)(1) (2020) specified that "[c]omplaints may be filed with the police department, the Board *or with the city clerk.*" (Emphasis added). Ordinance No. 8787, Section 125.270(H)(1) (2022) directs that "[a]ny citizen complaint may be filed with the Police Department, or the Board." Critically, Section 125.270(H)(1) (2022) removes the city clerk as an authorized recipient of citizen police complaints. See Penzel Constr. Co., Inc. v. Jackson R-2 Sch. Dist., 655 S.W.3d 434, 440 (Mo. App. E.D. 2022) (internal citation omitted) (noting "the legislature's use of different terms . . . is presumed to be intentional and for a particular purpose, and we cannot simply insert terms that the legislature has omitted under the pretense of statutory construction"); Piercy v. Missouri State Highway Patrol, 583 S.W.3d 132, 144 (Mo. App. W.D. 2019) (noting we must give meaning to the deliberate omission of language previously included in a provision); see also DMK Holdings, LLC v. City of Ballwin, 646 S.W.3d 708, 712 (Mo. App. E.D. 2022) (citing

City of St. Peters v. Roeder, 466 S.W.3d 538, 543 (Mo. banc 2015)) ("Municipal ordinances are interpreted using the same rules governing statutory interpretation."). The plain language of Ordinance No. 8787 expressly removed the city clerk as a proper recipient of police complaints. Morrison's reliance on the term "civilian employees" mischaracterizes the use of that term in the ordinances in question, and renders Morrison's argument unavailing.

Because Ordinance No. 8787 removed the city clerk as an authorized recipient of police misconduct complaints, we next address whether that ordinance amendment renders Morrison's petition moot. This Court addressed a similar set of facts in Gebru v. St. Louis Cnty., 136 S.W.3d 89 (Mo. App. E.D. 2004). There, the appellants filed an application with the St. Louis County Department of Public Works for a license to operate a taxicab business. At the time of the application, the county issued licenses to operate taxicab businesses under Chapter 806 of the St. Louis County Revised Ordinances ("SLCRO"). Id. The County Council denied the appellants' requests for a taxi cab license and the appellants challenged the denial in the circuit court. Id. at 91–92. While the circuit court judgment was pending, the County Council enacted an ordinance repealing Chapter 806 of SLCRO, which precluded the county from issuing taxi cab licenses. Id. at 92. The circuit court dismissed the claim, finding that the appellants' requested relief was impossible to grant because the County Council lost authority to issue taxi cab licenses when Chapter 806 of SLCRO was repealed. Id. We then dismissed the appeal as moot. Id.

As in Gebru, Morrison seeks relief that Clerk Goodwin is without authority to provide given the superseding ordinance. See id. "This Court has long recognized that, when a challenged provision is superseded, the challenge becomes moot." State ex rel. Missouri Coal. for the Env't v. Joint Comm. on Admin. Rules, 519 S.W.3d 805, 810 (Mo. banc 2017). Here,

Morrison requests that Clerk Goodwin forward his complaints to the Board. Under the newly enacted Ordinance No. 8787 and its amended Section 125.270(H)(1) (2022), Clerk Goodwin no longer receives police complaints and lacks any authority to forward such complaints. Accordingly, the courts have no power to grant such relief. See id. Established judicial precedent requires us to find the controversy presented in this case to be moot. See id.; Gebru, 136 S.W.3d at 92.

B. Retrospective Application of Ordinances Is Not Unconstitutional

Morrison further argues that because he established a vested right when he filed previous complaints under General Orders 3-4 and Ordinance No. 8657, his claims cannot be denied as being moot. Morrison posits that applying Ordinance No. 8657 retrospectively with regard to his claims of police misconduct is unconstitutional because the new ordinance imposes a temporal limitation that did not previously exist, and this temporal limitation denied him his vested right to have Clerk Goodwin forward his complaint.[4]

"Article I, section 13 of the Missouri Constitution prohibits the enactment of any law that is 'retrospective in its operation.'" State v. Young, 362 S.W.3d 386, 390 (Mo. banc 2012) (quoting Mo. Const. art. I, sec. 13). "A law is retrospective in operation if it takes away or impairs vested or substantial rights acquired under existing laws or imposes new obligations, duties, or disabilities with respect to past transactions." Hess v. Chase Manhattan Bank, USA, N.A., 220 S.W.3d 758, 769 (Mo. banc 2007) (internal citation omitted). "A vested right 'must be something more than a mere expectation based upon an anticipated consequence of the existing law.'" State ex rel. Koster v. Olive, 282 S.W.3d 842, 848 (Mo. banc 2009) (quoting Beatty v. State Tax Comm'n, 912 S.W.2d 492, 496 (Mo. banc 1995)). "A 'vested right' has been defined

---

[4] Ordinance No. 8787 contains the same temporal limitation, but Morrison's argument here focuses on Ordinance No. 8657.

as 'a title, legal or equitable, to the present or future enjoyment of property or to the present or future enjoyment of the demand, or a legal exemption from a demand made by another.'" La-Z-Boy Chair Co. v. Dir. of Econ. Dev., 983 S.W.2d 523, 525 (Mo. banc 1999) (quoting Fisher v. Reorganized Sch. Dist. No. R-V of Grundy Cnty., 567 S.W.2d 647, 649 (Mo. banc 1978)).

The focus of our constitutional analysis of Morrison's claim is whether Morrison obtained a vested right under General Orders 3-4. We note that under General Orders 3-4, a sustained complaint required that the complainant be informed that "appropriate disciplinary action will be taken." In its most basic terms, General Orders 3-4 simply provided a forum allowing individuals to file informal complaints with the Police Department. Similarly, Ordinance Nos. 8657 and 8787 merely established a process allowing individuals to file informal complaints alleging police misconduct. Neither Ordinance confers on the complainant the right to be awarded money damages or otherwise obtain a legal or equitable interest as a result of filing a complaint. We are not persuaded that Morrison's ability to file a complaint under General Orders 3-4 or Ordinance Nos. 8657 or 8787 somehow grants him (or any other citizen) a constitutionally protected vested right. See La-Z-Boy Chair Co., 983 S.W.2d at 525.

Indeed, Missouri courts routinely have held that an individual does not obtain a vested right merely by filing a request under a prior version of a municipal enactment. See, e.g., Claudia Lee & Assocs., Inc. v. Bd. of Zoning Adjustment of Kansas City, 297 S.W.3d 107, 109 (Mo. App. W.D. 2009) (finding "the new ordinance applied because the mere filing of the application gave the applicant no vested right under the old ordinance"); Metro Fill Dev., LLC v. St. Charles Cnty., 614 S.W.3d 582, 591 (Mo. App. E.D. 2020) (noting a business's "filing of its [conditional use permit] application did not confer upon it a vested right to a particular zoning procedure scheme"); Lamar Co., LLC v. City of Kansas City, 330 S.W.3d 767, 771 (Mo. App.

8

W.D. 2010) (concluding that an application for a billboard permit under a prior ordinance does not establish a vested right); State ex rel. Lee v. City of Grain Valley, 293 S.W.3d 104, 108 (Mo. App. W.D. 2009) (finding in a zoning denial appeal that "[t]he filing of an application alone would not establish that the [appellants] had a vested right to the continued application of the prior zoning ordinance to their property"). This case is further distinguishable from the aforementioned cases because the appellants challenging zoning decisions in those cases possessed the means of establishing vested rights through demonstrating "actual use" under the previous ordinance. See Claudia Lee, 297 S.W.3d at 112. Contrastingly, even had Morrison's complaints been timely and properly submitted, we find no scenario in which he could have established a vested right under General Orders 3-4 or Ordinance Nos. 8657 and 8787. See La-Z-Boy Chair Co., 983 S.W.2d at 525. Absent a vested right, Morrison's argument that the retrospective application of the ordinances is unconstitutional, must fail. See Hess, 220 S.W.3d at 769.

C.     Morrison's Claims Do Not Qualify as Exceptions to Mootness

Finally, even when a case is determined to be moot, we may nevertheless maintain jurisdiction to review it under two narrow exceptions.[5] While having a mechanism to file police misconduct complaints may generally relate to a matter of public interest and importance, the issue asserted in Morrison's petition is not one that is likely to recur or otherwise evade appellate review as required for the exception. See Round, 561 S.W.3d at 384–85; State ex rel. Allen v. Parks, 575 S.W.3d 727, 730 (Mo. App. E.D. 2019). Morrison specifically focuses his request for relief on Clerk Goodwin, who is no longer involved in the police complaint process for the City. Importantly, the issue presented by Morrison in his petition will not recur because Ordinance No.

---

[5] We note that the first exception does not apply because the underlying mootness arose prior to this case being appealed. See Round, 561 S.W.3d at 384–85.

9

8787 has removed the city clerk as an authorized recipient of police complaints within the City. See Round, 561 S.W.3d at 384–85.  Further, under the current procedures for filing citizen complaints against Florissant police officers, we see no reason why any issue arising from said complaint would be incapable of appellate review.  Thus, we find the narrow public-interest exception to mootness is inapplicable given the facts of this case.  See id.

Because Clerk Goodwin is no longer an authorized recipient of complaints of police misconduct under the relevant ordinance and is without authority to forward Morrison's complaints, reversing the trial court's judgment would provide Morrison no remedy.  For that reason, Morrison's appeal is moot.  See Humane Soc'y, 405 S.W.3d at 535.  Additionally, the particular facts of this case do not merit application of the narrow exceptions to mootness.  Nor do such facts support an argument that a retrospective application of the temporal limits for submitting complaints of police misconduct under the current ordinance deprives Morrison of any constitutionally vested rights he had under the previous ordinance.  See Round, 561 S.W.3d at 384–85; La-Z-Boy Chair Co., 983 S.W.2d at 525.  Therefore, we dismiss the appeal.

Conclusion

The appeal is dismissed as moot.

_____
KURT S. ODENWALD, Judge

Michael E. Gardner, C.J., concurs.
Robert M. Clayton III, J., concurs.

10