**In the Interest of D.R.F., a Minor Child.**

**No. ED 79031.**

Missouri Court of Appeals, Eastern District, Division One.

Oct. 16, 2001.

Robert D. Schollmeyer, Linn, MO, for appellant.

David B. Tobben, Union, MO, Grant W. Smith, Guardian Ad Litem, Jefferson City, MO, for respondent.

ROBERT G. DOWD, JR., Judge.

Father appeals from the order of protective custody granted under Section 211.031, RSMo 2000, on behalf of his minor child, D.R.F., by the juvenile court. Father contends the juvenile court erred in issuing an order of protective custody because there was insufficient evidence to find that the minor child was in need of care and treatment and that Father neglected to provide the needed care and treatment. The Juvenile Officer of Osage County has filed a motion to dismiss Father's appeal because the juvenile court entered a judgment taking jurisdiction over the minor child following a hearing pursuant to Rule 119, and thus, Father's appeal is rendered moot. Because we find Father's appeal is moot, we dismiss.

On December 20, 2000, the juvenile court issued an order of protective custody from which Father appealed. However, on June 13, 2001, approximately five months after Father filed his notice of appeal, the juvenile court entered a judgment taking jurisdiction over the minor child following a hearing pursuant to Rule 119.

▪ In his motion to dismiss, the juvenile officer argues that because the juvenile court has taken jurisdiction, any errors in taking the child into protective custody are moot, citing *In the Interest of M.R.F.*, 907 S.W.2d 787 (Mo.App. S.D. 1995). In that case, the Southern District stated, "[i]t appears to us that any error in taking a child into protective custody becomes moot when a juvenile court ultimately takes jurisdiction after a Rule 119 hearing." *Id.* at 794. However, the court decided not to "grapple with that issue." *Id.* Our research has revealed no case deciding this issue.

▪ A question is moot when it seeks a judgment upon some matter that would lack any practical effect on any then existing controversy. *In the Interest of C.A.D.*, 995 S.W.2d 21, 28 (Mo.App. W.D.1999). Further, a case becomes moot when an event occurs making it impossible for an appellate court to grant effective relief. *Id.* Here, even if we were to reverse the juvenile court's order of protection, it would have no effect because there is a judgment entered taking jurisdiction over the minor child subsequent to a Rule 119 hearing. Thus, it would be impossible for us to grant Father any effective relief, because even a reversal would not change the custody of the minor child.[1] Therefore, we find Father's appeal is moot under the circumstances. The juvenile officer's motion to dismiss the appeal is granted.

Appeal dismissed.

CRANDALL, P.J., and KATHERINE KNAUP CRANE, J., concur.

---

1. We note that Father has filed an appeal from the judgment from the Rule 119 hearing, appeal No. ED79850.