The HUMANE SOCIETY OF the UNIT-
ED STATES, Dogwood Animal Shel-
ter, Inc., and Stray Rescue of St.
Louis, Inc., Appellants,

v.

STATE of Missouri and Missouri
Department of Agriculture,
Respondents.

No. SC 92851.

Supreme Court of Missouri,
En Banc.

Aug. 13, 2013.

David Cosgrove and Jurt J. Schafers of the Cosgrove Law Group LLC, St. Louis, for the Animal Shelters.

Missouri Attorney General Chris Koster, Solicitor General James R. Layton and Jessica Blome of the attorney general's office in Jefferson City, for The State.

Michelle Monhan and Emery Reusch of St. Louis, for Amicus Parties.

PATRICIA BRECKENRIDGE, Judge.

The Humane Society of the United States, Dogwood Animal Shelter, and Stray Rescue of St. Louis, Inc., appeal a judgment against them in their declaratory judgment action against the State of Missouri and the Missouri Department of Agriculture.[1] The Humane Society's petition sought a declaration that Senate Bill 795 (2010), repealing and reenacting section 273.327, violated the prohibition in article III, section 21 of the Missouri Constitution that a bill cannot be amended to change its original purpose. The trial court granted summary judgment for the defendants based on its finding that the Humane Society's cause of action was moot because the General Assembly repealed and reenacted section 273.327 in a subsequent legislative session, curing any procedural defects in SB795 (2010)'s passage.

The Humane Society claims on appeal that the trial court erred in finding its cause of action is moot, relying on *C.C. Dillon v. City of Eureka*, 12 S.W.3d 322 (Mo. banc 2000), because *C.C. Dillon* and the trial court's ruling are contrary to this Court's precedent that laws remain in force continuously throughout repeal and reenactment. Alternatively, it urges this Court to reexamine its holding in *C.C. Dillon* because allowing the repeal and reenactment of a statute to cure procedural defects in the statute's enactment thwarts the prohibition against changing the original purpose of a bill, found in article III, section 21 of the Missouri Constitution. This Court has jurisdiction of the Humane Society's challenge to the constitutional validity of section 273.327, RSMo Supp.2010. Mo. Const. art. V, sec. 3. Because any constitutional defect SB795 (2010) imparted to section 273.327 was remedied by the General Assembly's subsequent repeal and reenactment of that section, the judgment is affirmed.

## Factual and Procedural Background

Section 273.327 was first enacted in 1992. The 1992 version of section 273.327 required persons engaged in commercial animal care to obtain a license and established an annual licensing fee of $105 that could be amended at the discretion of the Missouri agriculture department's director, as well as per-capita fees. Section 273.327, RSMo Supp.1992. It also exempted "[p]ounds, dog pounds, and animal shelters" from paying those fees. *Id.*

On January 19, 2010, Senate Bill 795 (2010) was introduced and read for the first time in the Missouri Senate with the title "AN ACT to repeal section 319.306, RSMo, and to enact in lieu thereof one new section relating to blasting safety, with a penalty provision." As introduced, SB795 (2010) made minor, non-substantive

---

1. Appellants, the Humane Society of the United States, Dogwood Animal Shelter, and Stray Rescue of St. Louis, Inc., will be collectively referred to as "the Humane Society".

Respondents, the State of Missouri and the Missouri Department of Agriculture, will be referred to collectively as "the state."

modifications to the language of section 319.306 and added an additional exception to the required blaster's license for "[i]ndividuals using explosive materials along with a well screen cleaning device for the purpose of unblocking clogged screens of agricultural irrigation wells...." Section 319.306.18(15).

On May 14, 2010, the 95th General Assembly passed SB795 (2010), with the new title: "AN ACT to repeal sections 196.316, 266.355, 270.260, 270.400, 273.327, 273.329, 274.180, 281.260, 311.550, 319.306, 319.321, 393.1025, and 393.1030, RSMo, and to enact in lieu thereof thirty new sections relating to animals and agriculture, with penalty provisions, and an emergency clause for a certain section." The repealed and newly enacted statutes included section 273.327. In the reenacted version of section 273.327, animal shelters were eliminated from the entities exempt from the payment of fees. On July 9, 2010, Governor Jeremiah W. Nixon signed SB795 (2010) into law.

On January 24, 2011, Senate Bill 161 (2011) was introduced. SB161 (2011) was passed by the 96th General Assembly and signed into law by Governor Nixon on April 27, 2011, with an emergency clause applicable to section 273.327. As passed, SB161 (2011) repealed and reenacted section 273.327. As reenacted, the maximum license fee imposed by section 273.327 was raised from $500 annually to $2,500 annually.

On May 13, 2011, the Humane Society filed a petition for declaratory judgment and preliminary and permanent injunctive relief in the Cole County circuit court. The petition sought a declaration that the amended version of section 273.327, enacted in SB795 (2010) as passed by the 95th General Assembly on May 14, 2010, was unconstitutional and void. Specifically, the Human Society claimed that SB795 (2010) was enacted in violation of article III, section 21 of the Missouri Constitution because SB795 (2010) was amended during its passage to change its original purpose.

The Humane Society and the state subsequently filed cross motions for summary judgment. In its motion for summary judgment, the state sought a determination that the Humane Society's claim was moot and asked that its petition be dismissed. The trial court denied the Humane Society's motion and sustained the state's motion for summary judgment on the ground that the Humane Society's cause of action was moot as a result of the General Assembly's repeal and reenactment of section 273.327 in SB161 (2011), citing *C.C. Dillon Co. v. City of Eureka,* 12 S.W.3d 322, 325 (Mo. banc 2000).

The Humane Society appeals. It claims that the trial court erred in ruling that its cause of action regarding SB795 (2010) is moot because the repeal and reenactment of section 273.327 through SB161 (2011) did not eliminate existing constitutional defects, and it requests that this Court reexamine its holding in *C.C. Dillon.* It further asserts that this Court should grant it relief on the merits of its claim that SB795 (2010), as amended and enacted, unconstitutionally conflicts with the bill's original purpose.

## Standard of Review

This Court's review of summary judgment is *de novo. ITT Commercial Fin. Corp. v. Mid–Am Marine Supply Corp.,* 854 S.W.2d 371, 376 (Mo. banc 1993). "Facts set forth by affidavit or otherwise in support of a party's motion are taken as true unless contradicted by the non-moving party's response to the summary judgment motion." *Id.* A movant for summary judgment is entitled to summary judgment if the movant can demonstrate, on the basis of facts as to which there is no genuine dispute, a right to

judgment as a matter of law. *Id.* at 377. A defending party can demonstrate entitlement to summary judgment by showing (1) facts negating any of the claimant's necessary elements; (2) the claimant, after an adequate period of discovery, has been unable, and will not be able, to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute of the existence of facts required to support the defending party's properly pleaded affirmative defense. *Id.* at 381.

■■■■ The standard for determining if a cause of action is moot is set out in *C.C. Dillon:*

> A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon any then existing controversy. When an event occurs which renders a decision unnecessary, the appeal will be dismissed. And where an enactment supersedes the statute on which the litigants rely to define their rights, the appeal no longer represents an actual controversy, and the case will be dismissed as moot.

12 S.W.3d at 325 (quoting *Bank of Washington v. McAuliffe,* 676 S.W.2d 483, 487 (Mo. banc 1984)).

### Humane Society's Cause of Action is Moot

■ The Humane Society's first claim on appeal is that the trial court erred in ruling that its cause of action is moot. The Humane Society asserts that the SB795 (2010) violates the prohibition in article III, section 21 of the Missouri Constitution that a bill shall not be amended in its passage to change its original purpose.[2] It claims that the constitutional invalidity of section 273.327, enacted in SB795 (2010), should not have been rendered moot by the General Assembly's subsequent repeal and reenactment of section 273.327 in SB161 (2011). It argues that the unconstitutional removal of the animal shelter fee exemption by SB795 (2010) was undetectably embedded in the reinstated text of SB161 (2011) and, as a result, the legislature and public were unaware of the exemption's removal and the exemption was not brought before the legislature for consideration. Therefore, it argues that SB161 (2011) is merely a continuation of the constitutional deficiencies contained in SB795 (2010).

The Humane Society recognizes that its position is contrary to this Court's holding in *C.C. Dillon,* cited by the trial court to determine the case was moot. 12 S.W.3d 322. In that case, C.C. Dillon Co. sued the city of Eureka after the city denied C.C. Dillon's billboard permit application. *C.C. Dillon,* 12 S.W.3d 322, 325. The city's denial was based on an ordinance passed pursuant to section 71.288, RSMo Supp. 1999, which allowed cities and counties to impose billboard regulations more restrictive than those in the Missouri Billboards

---

**2.** Article III, section 21 of the Missouri Constitution provides that "no bill shall be so amended in its passage through either house as to change its original purpose." "Purpose" in article III, section 21 means the general purpose of the bill, "not the mere details through which and by which that purpose is manifested and effectuated" and "[t]he restriction is against introduction of matter which is not germane to the object of the legislation or which is unrelated to its original subject." *Lincoln Credit Co. v. Peach,* 636 S.W.2d 31, 38 (Mo. banc 1982). A bill's original purpose is established at the time of its introduction. *Missouri Ass'n of Club Executives v. State,* 208 S.W.3d 885, 888 (Mo. banc 2006). A bill's earliest title and content are examined to determine if there was a change to the bill's purpose. *Legends Bank v. State,* 361 S.W.3d 383, 386 (Mo. banc 2012).

Act, sections 226.500 to 226.600, RSMo 1994. *Id.* at 324. C.C. Dillon claimed section 71.288 was void because legislative amendments to Senate Bill 831 (1998), establishing and amending section 71.288, violated the Missouri Constitution's ban on amending bills to conflict with their original purpose. *Id.*

This Court held that C.C. Dillon's challenge to SB831 (1998) was moot. Whatever SB831's defects,

> [t]hat bill was repealed the following year by the enactment of Senate Bill 883. Senate Bill 883 repealed "former" section 71.288 and enacted in lieu thereof a "new" section 71.288. "The repeal of a law means its complete abrogation by the enactment of a subsequent statute." *State ex rel. Peebles v. Moore,* 339 Mo. 492, 99 S.W.2d 17, 19 (1936) (citation omitted).

*Id.* at 325. When an event renders a court's decision unnecessary, such as where an enactment supersedes the statute on which the litigants rely to define their rights, an appeal no longer represents an actual controversy and should be dismissed. *Id.* (citing *Bank of Washington,* 676 S.W.2d at 487). Therefore, "[o]nce the General Assembly repealed "former" section 71.288, this Court's basis for deciding the constitutionality of that statute evaporated. No relief can be granted concerning the validity of that statute, now repealed." *Id.*

The Humane Society urges this Court to reexamine its holding in *C.C. Dillon.* It claims that opinion failed to consider other cases holding that repealed and reenacted statutes are continuously in force. In particular, the Humane Society argues that this Court should apply the principle of *State v. Ward* that " '[a] subsequent act of the Legislature repealing and re-enacting, at the same time, a pre-existing statute, is but a continuation of the latter.' " 328 Mo.

658, 40 S.W.2d 1074, 1078 (1918) (quoting *Brown v. Marshall,* 241 Mo. 707, 145 S.W. 810, 815 (1912)). The Humane Society concedes that this statement of law in *Ward* was not in the context of determining whether procedural defects follow a statute through repeal and reenactment. Nevertheless, the Humane Society argues that *Ward* is a more reasoned decision than *C.C. Dillon.*

The language in *Ward* on which the Humane Society relies was made in the context of resolving a claim that the authority of a statute was interrupted by the statute's repeal and reenactment and not in the context of whether a procedural defect in the enactment of a statute survives the statute's repeal and reenactment. In *Ward,* a resident of Harrison County was convicted of killing a quail during a two-year closed season on quail that had been adopted by the county's voters pursuant to a local option proviso in section 5596, RSMo 1919. *Id.* at 1075. That statute, authorizing approval of a two-year closed season on quail by a majority of a county's voters, was repealed and reenacted as section 5596, RSMo 1929 between the approval of the closed season by Harrison County voters and the charged violation. *Id.* at 1076. No change to the local option proviso was made in the reenactment. *Id.* The Harrison County resident convicted of killing a quail during the closed season challenged his conviction, claiming, *inter alia,* that the repeal and reenactment of section 5596 rendered the Harrison County vote void. *Id.* at 1078. This Court rejected his claim because it found that the repeal and reenactment of a pre-existing statute " 'is but a continuation of' " the pre-existing statute. *Id.* (quoting *Brown v. Marshall,* 241 Mo. 707, 145 S.W. 810, 815 (1912)).

As clear from the facts of *Ward,* the principle relied on by the Humane Society

was stated in the context of addressing whether a bill's substantive provisions continually exist through repeal and reenactment.[3] Conversely, *C.C. Dillon* addresses whether an alleged procedural defect in a statute may be remedied by repeal and reenactment. Regarding *Ward*, there is no rationale for finding that the simultaneous repeal and reenactment of a statute interrupts its authority such that additional action becomes necessary to reactivate it. The rationale underlying this Court's decision in *Ward* has no application to a claim that there is a procedural defect in the enactment of a statute. Because the present case regards an alleged procedural defect, *C.C. Dillon*, rather than *Ward*, controls.

Alternatively, the Humane Society urges this Court to limit the holding of *C.C. Dillon* to circumstances where the newly reenacted section changed the language of the statute so that the reason for challenging the statute no longer exists. *See Bank of Washington v. McAuliffe*, 676 S.W.2d 483, 487 (Mo. banc 1984) (concluding that reenactment of procedurally defective statute with changed substantive provisions made challenge to repealed version of statute moot). It argues that a broader application of *C.C. Dillon* would thwart the purposes of article III, section 21 to "facilitate orderly procedure, avoid surprise, and prevent 'logrolling,' in which several matters that would not individually command a majority vote are rounded up into a single bill to ensure passage" and to "keep individual members of the legislature and the public fairly apprised of the subject matter of pending laws." *Missouri Ass'n of Club Executives v. State*, 208 S.W.3d 885, 888

(Mo. banc 2006) (quoting *Stroh Brewery Co. v. State*, 954 S.W.2d 323, 325–26 (Mo. banc 1997)); *Westin Crown Plaza Hotel Co. v. King*, 664 S.W.2d 2, 5 (Mo. banc 1984). Specifically, it asserts that because SB795 (2010) deprived individual legislators and the public of their constitutionally guaranteed right to notice of a bill's subject and the possible loss of the fee exemption for animal shelters, those same legislators and members of the public had no reason to care about whether SB610 (2011) would reenact the language repealing the shelters' fee exemption that SB795 (2010) had "sneaked" into the law the year before.

The Humane Society's position is rejected because it would produce an absurd result. *See Rourke v. Holmes St. Ry. Co.*, 257 Mo. 555, 166 S.W. 272, 275 (1914) (finding that a constitutional interpretation producing absurd result is unreasonable). As urged by the Humane Society, a procedural defect in the enactment of a statute could never be corrected by repealing and reenacting the allegedly unconstitutional provision. While this result would preserve the right of persons to challenge a defective enactment, it would obstruct the legislative process. The only mechanism to correct a defective enactment would be a law suit rather than action by the legislature. There is no reasonable purpose in perpetuating the existence of defective statutes until challenged in a law suit, and the language of article III, section 21 does not compel such result.

The Humane Society's position is also rejected because it is not compelling. Applied to this case, the Humane Society's

---

**3.** "The legislature has provided instruction on how reenactments are to be construed in section 1.120, RSMo...." *Kelly v. Hanson*, 984 S.W.2d 540, 544 (Mo.App.1998). Section 1.120, RSMo 2000, provides that "[t]he provision of any law or statute which is reenacted, amended or revised, so far as they are the same as those of a prior law, shall be construed as a continuation of such law and not as a new enactment." *See also Citizens Bank and Trust Co. v. Dir. of Revenue*, 639 S.W.2d 833 (Mo.1982).

reasoning is that the procedural defects in the enactment of SB795 (2010) might have permitted section 273.327 to be reenacted with no exemption for animal shelters from the licensing fees without the knowledge of individual members of the legislature and the public or as improper "logrolling." The Humane Society's argument assumes that the legislature would reenact a statute with provisions it would not want because it was unaware of a prior version of the statute. Specifically, it argues that the General Assembly might not realize that it had previously eliminated the exemption for animal shelters when it repealed and reenacted section 273.327 in 2011 and increased the maximum fee from $500 to $2,500.

This assumption ignores that " '[t]he legislature is presumed to know the existing law when enacting a new piece of legislation.' " *State ex rel. Nothum v. Walsh,* 380 S.W.3d 557, 567 (Mo. banc 2012) (quoting *Greenbriar Hills Country Club v. Dir. of Revenue,* 47 S.W.3d 346, 352 (Mo. banc 2001)). Additionally, at the time the allegedly unconstitutional section 273.327 was reenacted in this case, there was no procedural defect with respect to SB161 (2011) so there was notice to individual legislators and the public of the proposed statute and an opportunity to debate its content. *C.C. Dillon,* 12 S.W.3d at 326 (noting that the purpose of article III, section 21 is " 'to keep individual members of the legislature and the public fairly apprised of the subject matter of pending laws....' " (quoting *Stroh Brewery,* 954 S.W.2d at 325–26)). There is no claim that the legislative process during the adoption of SB161 failed to keep individual members of the legislature and the public fully apprised of the subject matter of SB161 (2011).

To the contrary, the legislature and the public were properly informed when SB161 (2011) was pending that the text of proposed section 273.327 did not exempt animal shelters from payment of the licensing fees. The language of section 273.327 in SB161 (2011) increased the maximum fee to $2,500 for the listed entities that were required to be licensed, which expressly included animal shelters. The statute exempted only "[p]ounds or dog pounds" from payment of the fees, making it clear that animal shelters would be required to pay the license fees. Section 273.327, RSMo Supp.2011. Because the legislative process to repeal and reenact a statute allows sufficient consideration of the language of the statute proposed for reenactment, the legislators and interested members of the public are given sufficient notice and the purpose of article III, section 21 is not thwarted by allowing the repeal and reenactment of a statute to cure a claimed procedural defect.

Applying the rule of *C.C. Dillon,* the repeal and reenactment of section 273.327 in SB161 (2011) terminated the existence of section 273.327 as enacted in SB795. The Humane Society's petition challenges only that the enactment of section 273.327 in SB795 violated a procedural requirement in article III, section 21. Its petition does not challenge the substance of section 273.327, as enacted in SB795 (2010) or SB161 (2011). "A cause of action is moot when the question presented for decision seeks a judgment upon some matter which, if the judgment was rendered, would not have any practical effect upon a then-existing controversy." *Precision Investments, L.L.C. v. Cornerstone Propane, L.P.,* 220 S.W.3d 301, 304 (Mo. banc 2007). The repeal and reenactment of section 273.327 in SB161 (2011) renders moot any decision as to whether SB795 (2010) was properly enacted, because any such decision would have no practical effect. *C.C. Dillon,* 12 S.W.3d at 325.

Because the Humane Society's cause of action is moot, the Court does not address its second claim that SB795 (2010) violates

article III, section 21 of the Missouri Constitution because the bill was amended during its passage to change its original purpose.

## Conclusion

The Humane Society challenged in its petition the constitutional validity of section 273.327 as enacted by the 95th Session of the Missouri General Assembly (2010) in SB795. During the 96th Session of the Missouri General Assembly (2011) repealed section 273.327 and reenacted a section 273.327, with a new fee provision, which was signed into law by Governor Nixon on April 27, 2011, with an emergency clause. Because the Humane Society's petition does not challenge the current version of section 273.327, and it seeks no relief for any action taken under the repealed version of section 273.327, the relief the Humane Society seeks is no longer available and its claim is moot. The judgment is affirmed.

All concur.