

# In the Missouri Court of Appeals
# Eastern District

## DIVISION TWO

KELSEY TACCHI,

    Appellant,

vs.

DUSTIN MUELLER AND
BRITTANY MUELLER,

    Respondents.

)
)
)
)
)
)
)
)
)
)
)
)

No. ED107417

Appeal from the Circuit Court of
St. Charles County

Honorable Elizabeth W. Swann

Filed:  March 12, 2019

Introduction

Kelsey Tacchi ("Tacchi") appeals judgment of the trial court denying and dismissing her Petition for *Habeas corpus* which sought to obtain the release of her natural born son ("the child") from the custody of Dustin Mueller and Brittany Mueller (collectively, "Muellers"). The child was transferred to the Muellers through an adoption agency after Tacchi executed a consent form and power of attorney form. Based on these documents, the Muellers filed a petition to adopt the child in an on-going, collateral adoption proceeding.[1] Though the Muellers incorporated by reference the consent form and durable power of attorney dated August 11, 2018 and a November 5, 2018 order and judgment from the collateral adoption pleading in their responsive pleading to Tacchi's

---

[1] For the sake of clarity, we take judicial notice of the docket, orders, and judgments of the trial court in this collateral proceeding, *In The Matter Of W.L.Y.,* 18AD-JU00232 (St. Charles Cnty. Cir. Ct.).

Petition for *habeas corpus* under Rule 91.09[2], the parties both acknowledge the trial court has since granted temporary custody of the child to the Muellers in orders dated January 4, 2019 in the collateral adoption proceeding and dated November 29, 2018 in the *habeas corpus* proceeding.

Tacchi raises three points on appeal. For Point I, Tacchi argues the trial court erred in dismissing and denying her Petition for *Habeas Corpus* without permitting the introduction of evidence supporting her allegations of both residency and deficiencies in the power of attorney. In Point II, she argues the trial court erred in finding the power of attorney provided lawful custody. In Point III, she argues the trial court erred in granting temporary custody of the minor child in her order denying the Petition for *habeas corpus*.

Although we note the charged nature of any proceedings involving custody of a child, we must dismiss Tacchi's appeal of the petition of *habeas corpus* as moot, and decline to exercise our discretion to consider the matter under the so-called "mootness exceptions."

## Factual and Procedural Background

Beginning in May 2018, Tacchi (the birth mother) and Kelly Yeager, Jr. ("Yeager"), the birth father, contemplated adoption of their unborn child and were engaged in on-going discussions with Bringing Families Together, a placement agency. Months later, on August 6, 2018, the child was born. On August 11, 2018, Tacchi and Yeager traveled to Bringing Families Together, and executed two documents each: (A) a consent to adoption form; and (B) a durable power of attorney form. The circumstances surrounding the actual execution of these forms is disputed.[3]

---

[2] All rule citations are to Missouri Supreme Court Rules (2015) unless otherwise indicated.

[3] We note in the transcript on appeal, the trial court describes immense difficulty in reaching its decisions and factual determinations in both the *habeas corpus* and the collateral adoption proceedings related to these factual disputes. Missouri's unified family-court system seeks to create a single court with comprehensive authority over all cases involving children and their families. *In re S.M.H.,* 160 S.W.3d 355, 361 (Mo. banc 2005). To the extent possible, one specially-trained judge is to address the legal and accompanying emotional and social issues challenging each family in order to achieve a more efficient and compassionate system of one judge for one family. *Id.* This system does call for greater use of judicial notice, but judicious use of judicial notice still requires technical precision and disclosure to

2

Nevertheless, Tacchi and Yeager had engaged in long-term coordination with the placement center since May 2018. On August 11, 2018, under then-effective Section 475.024 RSMo[4], Tacchi and Yeager transferred care and physical custody of their child to Dustin and Brittany Mueller ("The Muellers"), a couple intending to adopt him, through the placement agency. Thereafter, Tacchi informed her family the child had died; Tacchi's family, after placing a church bulletin requesting prayers for the soul of the child, grew suspicious, and called the police to investigate.

On August 17, 2018, the Muellers filed their Petition for Termination of Parental Rights, Transfer of Custody, and Subsequent Adoption, relying upon the documents executed by Tacchi and Yeager on August 11, 2018. On August 20, 2018, the Court entered a Judgment accepting and approving Tacchi's Consent to Termination of Parental Rights and Consent to Adoption. Contemporaneously, Tacchi sought to revoke the power of attorney and consent and filed her Entry of Appearance in the collateral adoption proceeding.

On August 28, 2018, the Supporting and Strengthening Families Act became effective, intended by the General Assembly to overhaul the statutory structure related to the execution of these types of documents.

On November 20, 2018, Tacchi filed her Petition for *Habeas Corpus*, arguing the Muellers did not have legal custody of the child, despite the orders accepting the consent to terminate parental rights and the order denying Tacchi's Motion to withdraw the consent in the collateral matter. On November 26, 2018, the Muellers filed their Answer under Rule 91.09, incorporating by reference the power of attorney, consent form, and the November 5, 2018 order from the collateral adoption action. On November 29, 2018, the trial court denied and dismissed the petition

the parties (and the appellate courts) of the precise matters so considered on the record. *In re J.M.*, 328 S.W.3d 466, 469 (Mo. App. E.D. 2010).

[4] All statutory references are to the Revised Missouri Statutes 2016, unless otherwise noted herein.

for *habeas corpus*, noting the Muellers properly had custody under the power of attorney. The trial court then granted temporary custody to the Muellers.

Another temporary custody order was entered by the trial court in the collateral matter on January 4, 2019, assigning temporary custody to the Muellers.

On March 4, 2019, Tacchi moved for Summary Judgment in the collateral matter upon substantially similar arguments to those raised in her Petition for *Habeas Corpus.*

**Analysis**

Tacchi asks us to find the trial court erred in (1) dismissing and denying her petition for *habeas corpus* without taking evidence; (2) finding valid transfer of custody through an allegedly defective power of attorney; and (3) granting temporary custody in its amended order and judgment dismissing and denying her petition for *habeas corpus*.

The Muellers primarily argue Tacchi's petition for *habeas corpus* has been mooted by subsequent orders granting them temporary custody of the child. The Muellers further argue a petition for *habeas corpus* does not lie when the question of its custody is pending before a court of competent jurisdiction, citing *In re Greenwood,* 288 S.W.2d 413, 416 (Mo. App. 1956).

We agree with the Muellers this case requires resolution of a threshold concern of justiciability – mootness. *See State ex rel. Reed v. Reardon,* 41 S.W.3d 470, 473 (Mo. banc 2001). A question is moot when it seeks a judgment upon some matter that would lack any practical effect on any then existing controversy or when an event occurs making it impossible for an appellate court to grant effective relief, rendering any appellate decision a hypothetical opinion. *Humane Soc'y of U.S. v. State*, 405 S.W.3d 532, 535 (Mo. banc 2013); *see also In re D.R.F.*, 58 S.W.3d 93, 94 (Mo. App. E.D. 2001). When an event occurs that renders a decision moot, we must dismiss the appeal. *Humane Soc'y*, 405 S.W.3d at 535. In deciding whether a case is moot, an appellate

court may consider matters outside the record. *Reardon*, 41 S.W.3d 470 at 473. Accordingly, we take judicial notice of the relevant orders of the trial court in the collateral matter as detailed, *supra*.

Here, Tacchi filed her petition for *habeas corpus* against the Muellers under Rule 91, seeking return of her natural child as being unlawfully in their custody. The Muellers' Answer incorporated by reference the durable power of attorney and consent forms signed by Tacchi and a November 2018 order from the collateral proceeding. The Muellers also noted on-going adoption proceedings provided an adequate remedy at law through direct appeal. Regardless of the effectiveness of the power of attorney given the statutory overhaul in the "Supporting and Strengthening Families" Act, effective August 28, 2018, the trial court entered orders transferring temporary custody to the Muellers in the *habeas corpus* action in November 2018 and in the collateral matter on January 4, 2019. Whether the Muellers rightfully possessed custody of the child by Tacchi's and/or Yeager's power of attorney or by the November 2018 order no longer matters in this appeal.[5] The Muellers have custody of the child by other order or written authority as of January 4, 2019 in the collateral matter, rendering this appeal moot; no error identified as alleged in Tacchi's petition for *habeas corpus* upon reversal would lead to a contrary conclusion.

To further illustrate the point, a petition for *habeas corpus* is governed by Rule 91, which requires the pleadings identify the authority and written instruments by which the individual is being restrained – be it valid or invalid, lawful or unlawful – and by *whom*. *See* Rule 91.04 (petitions); *see also* Rule 91.09 (answers) (emphasis added). Tacchi focuses upon allegedly deficient characteristics and execution of the power of attorney and consent form to terminate parental rights; since the time of filing her petition of *habeas corpus*, however, these authorities have been superseded by other orders and written authority for the custody of the child. At oral

---

[5] Accordingly, we need not hypothesize as to the effect of only Tacchi and not Yeager seeking to revoke the power of attorney or the revocability or timing of the consent to terminate parental rights.

argument, Tacchi conceded there is now a lawful, interlocutory, temporary custody order capable of review by both the trial court prior to final judgment and also on direct appeal after final judgment. Even if we found custody under the November 2018 order or the power of attorney to have been improper, no relief would be forthcoming to Tacchi on her petition of *habeas corpus* as the Muellers were granted temporary custody thereafter on January 4, 2019, rendering this appeal moot.

Nevertheless, Tacchi asks this court to exercise its discretion to decide an otherwise moot appeal. We must dismiss moot appeals except in three narrow circumstances, the so-called "mootness exceptions": (1) where the case becomes moot after it is argued and submitted; (2) where the issue raised is one of general public interest and importance, is likely to recur, and will otherwise evade appellate review; or (3) "if the decision could have significant collateral consequences for one or more of the parties." *See In Interest of S.B.A.*, 530 S.W.3d 615, 619 (Mo. App. E.D. 2017); *see also In re J.T.S.,* 462 S.W.3d 475, 478 (Mo. App. W.D. 2015). If an exception to the mootness doctrine applies, our dismissal of a moot appeal becomes discretionary. *T.D.H. v. O'Connell*, 258 S.W.3d 850, 851 (Mo. App. E.D. 2008).

We decline to exercise this discretion. Tacchi asks us to consider only the second exception, noting the first exception is inapplicable and making no argument regarding a third exception. We construe the public interest exception "very narrow[ly.]" *City of Manchester v. Ryan,* 180 S.W.3d 19, 22 (Mo. App. E.D. 2005). We note the circumstances causing these matters occurred right before the effective date for the "Supporting and Strengthening Families" Act, the General Assembly's overhaul of the statutory structure at issue here. Accordingly, the particular set of facts before us is unlikely to recur under the law and escape appellate review or otherwise apply to more than one individual. *In re J.T.S.*, 462 S.W.3d at 478; *see also Broyles v. Dep't of*

*Cmty. Health & Env't of St. Charles Cty,* 456 S.W.3d 517, 520 (Mo. App. E.D. 2015). We also note in passing that relief under *habeas corpus,* as an extraordinary writ, has traditionally been very limited, and is no substitute for appeal or for when there are other adequate, available remedies. *See Clay v. Dormire,* 37 S.W.3d 214, 217 (Mo. banc 2000). As the adoption proceeding remains pending, direct appeal remains possible, and though Tacchi seeks to hurry along review, there remain ample avenues in the collateral adoption proceeding to develop the record, establish the contours of the legal issues, and ultimately resolve the custody dispute between all parties without our interposing a premature or hypothetical decision when the trial court's custody order is explicitly interlocutory.[6]

## Conclusion

We find Tacchi's appeal is moot under the circumstances. The Mueller's motion to dismiss the appeal is granted.

Appeal dismissed.

_____
Philip M. Hess, Presiding Judge

Robert G. Dowd, Jr., J. and
Mary K. Hoff, J. concur.

---

[6] In particular, we note Tacchi has filed a Motion for Summary Judgment in the collateral proceeding on March 4, 2019, raising substantially similar legal arguments as her Petition for *Habeas Corpus* related to the effect and validity of her consent to terminate her parental rights.