
PAIGE PARR, a minor, by and through her        )
Conservator, JANETT WAID, JERIMY               )
MOREHEAD, and CHARLES PARR,                     )
                                                )
                Appellants,        )
                                                )
v.                                              )        No.  SC94393
                                                )
CHARLES BREEDEN, WENDY COGDILL,                 )
and MELANIE BUTTRY,                             )
                                                )
              Respondents.         )

### APPEAL FROM THE CIRCUIT COURT OF NEW MADRID COUNTY
### The Honorable Fred W. Copeland, Judge

*Opinion issued June 7, 2016*

While driving a commercial motor vehicle for his employer, Kevin Parr was killed when his truck was involved in a single-vehicle accident.  Mr. Parr's two children and father (plaintiffs) brought a wrongful death action against three of Mr. Parr's supervisory co-employees – Charles Breeden, Wendy Cogdill, and Melany Buttry (defendants).[1] The circuit court entered judgment on the defendants' motion for summary judgment.  On appeal, the plaintiffs assert that the circuit court erred in granting judgment in favor of the defendants because there exists a genuine dispute of material fact as to the defendants' negligence as well as to whether the defendants breached duties that arose from federal

---

[1] The pleadings spell Ms. Buttry's first name as "Melanie," which defendants state is incorrect.  In an affidavit signed by Ms. Buttry, Ms. Buttry's first name is spelled "Melany."

regulations that are separate and distinct from the employer's nondelegable duty to provide a safe workplace for all employees. This Court finds that the duties the plaintiffs allege the defendants owed to Mr. Parr were part of their employer's nondelegable duty to provide a safe workplace. Further, federal regulations do not prove the existence of a personal duty separate and distinct from the employer's nondelegable duty to provide a safe workplace. Because the plaintiffs failed to establish that defendants owed Mr. Parr a duty separate and distinct from the employer's nondelegable duty to provide a safe workplace, this Court affirms the circuit court's grant of summary judgment.

## Factual and Procedural Background

From June 2006 to his death, Mr. Parr was employed by Breeden Transportation, Inc., as a truck driver. During his employment, Mr. Parr was involved in three single-vehicle accidents. The first accident occurred in December 2006. On November 2, 2007, a medical examiner certified Mr. Parr as physically fit to operate a commercial motor vehicle, and Mr. Parr was given a two-year certification. Six months later, on April 11, 2008, Mr. Parr was involved in his second single-vehicle accident. Then, on April 28, 2008, Mr. Parr was involved in a fatal single-vehicle accident when the commercial motor vehicle he was driving left the road.

On April 16, 2010, the plaintiffs filed a suit for wrongful death against Mr. Breeden, president of Breeden Transportation, Ms. Cogdill, and Ms. Buttry.[2] In their

---

[2] The summary judgment record does not clearly show Ms. Codgill's and Ms. Buttry's positions at Breeden Transportation. The second amended petition states Ms. Cogdill is the director of safety and that Ms. Buttry is a dispatcher for Breeden Transportation

2

second amended petition, the plaintiffs allege that the defendants "had a duty to provide a safe working environment to Kevin Parr, to monitor the physical condition of Kevin Parr to determine whether he was fit to drive a tractor-trailer, and to determine whether Kevin Parr was in compliance with Federal Motor Carrier Safety Administration Regulations."

The defendants filed a motion for summary judgment, asserting that the uncontroverted facts show they did not breach their duty to provide a safe working environment and, alternatively, that the plaintiffs' petition fails to state a cause of action for negligence because it does not allege that the defendants committed an affirmative act outside the scope of an employer's nondelegable duty to provide a safe workplace. In response, the plaintiffs asserted that the defendants breached their duty to Mr. Parr by: (1) keeping Mr. Parr on the road without a medical evaluation following his April 11, 2008 accident; (2) failing to inquire into whether Mr. Parr had a health condition that would have contributed to his two prior single-vehicle accidents; and (3) placing Mr. Parr back on the road when they knew or should have known that Mr. Parr was not safe to operate a motor vehicle. The plaintiffs submitted Mr. Parr's November 2, 2007 health report indicating that he smoked and was overweight and other evidence showing that, at the time of the fatal accident, Mr. Parr was suffering from severe coronary artery disease, diabetes, obesity, and probable sleep apnea and had a prescription for an anti-diabetic drug. The plaintiffs also submitted portions of deposition testimony in which each of the defendants admitted to being partly responsible for making sure each of Breeden

responsible for assigning driving duties to Mr. Parr. Ms. Cogdill and Ms. Buttry denied those allegations.

3

Transportation's drivers were safe to operate a commercial motor vehicle. The circuit court sustained the defendants' motion for summary judgment and entered judgment for the defendants.[3]

The plaintiffs appealed to the court of appeals, and the majority affirmed the circuit court's judgment. The dissenting judge certified the case for transfer to this Court.[4] Mo. Const. art. V, sec. 10.

### Standard of Review

Summary judgment is proper when the moving party demonstrates there is no genuine dispute about material facts and, under the undisputed facts, the moving party is entitled to judgment as a matter of law. Rule 74.04(c)(6); *ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 380 (Mo. banc 1993). A defending party can demonstrate entitlement to summary judgment by showing: (1) facts negating any of the claimant's necessary elements; (2) the claimant, after an adequate period of discovery, has been unable, and will not be able, to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements; or (3) there is no genuine dispute of the existence of facts required to support the defending party's properly pleaded affirmative defense. *ITT Commercial*, 854 S.W.2d at 381. This Court's

---

[3] The circuit court sustained the defendants' motion for summary judgment in a docket entry without stating the grounds for its decision. The plaintiffs moved to alter, amend, modify, correct, and reconsider the judgment or grant a new trial. The circuit court overruled their motion in a docket entry. Following a request by the plaintiffs, the circuit court entered a separate document labeled "Final Judgement" on March 4, 2013.

[4] The majority opinion for the court of appeals held that *Leeper v. Asmus*, 440 S.W.3d 478 (Mo. App. 2014), did not control resolution of the issues presented on appeal. The dissenting judge certified the case for transfer on the belief that *Leeper* requires reversal of the circuit court's judgment in this case.

4

review of summary judgment is *de novo*.  *Roe v. Replogle*, 408 S.W.3d 759, 763 (Mo. banc 2013).

**Failure to Show Duty Separate and Distinct from Employer's Nondelegable Duties**

On appeal, the plaintiffs raise two points: (1) the circuit court erred in granting summary judgment because genuine disputes of material fact exist as to the defendants' negligence in that the defendants admitted they had a duty to ensure all of Breeden Transportation's drivers were safe to operate a commercial motor vehicle, the defendants knew or should have known Mr. Parr could not safely operate a commercial motor vehicle, the defendants caused Mr. Parr's death by placing him on the road the night of the fatal accident, and the plaintiffs suffered damage as a result of Mr. Parr's death; and (2) the circuit court erred in entering summary judgment because there was a genuine dispute of material fact as to whether the defendants breached their duties, separate and apart from the employer's nondelegable duties, that arose from federal regulations. Because both points involve the question of whether the defendants owed Mr. Parr a duty and that issue is dispositive of this appeal, the arguments in the two points will be considered together.

The plaintiffs' wrongful death action arises from Mr. Parr's fatal accident, which the plaintiffs' allege was caused by the defendants' negligence.  Though Mr. Parr's fatal 2008 accident occurred in the course of his employment, the plaintiffs are not precluded under the workers' compensation law from bringing a common law action for negligence against Mr. Parr's co-employees if they can show the co-employees owed a duty separate and distinct from the employer's nondelegable duties.  *Peters v. Wady Indus., Inc.*, __

5

S.W.3d __ (Mo. banc 2016) (No. SC94442).[5] "In any action for negligence, the plaintiff must establish that (1) the defendant had a duty to the plaintiff; (2) the defendant failed to perform that duty; and (3) the defendant's breach was the proximate cause of the plaintiff's injury." *Martin v. City of Washington*, 848 S.W.2d 487, 493 (Mo. banc 1993). The element at issue in this case is the existence of a duty owed by the defendants to Mr. Parr.

Under the common law, an employee may be liable for injuries to another employee caused by a breach of a duty of care owed by the employee independent of the master-servant relationship. *Peters*, __ S.W.3d __ (Mo. banc 2016) (No. SC94442); *Lambert v. Jones*, 98 S.W.2d 752, 689 (Mo. 1936). "In other words, the liability of the servant or agent . . . results from the breach of a duty owed to the third party under the law, which makes him liable without regard to whether he is the servant or agent of another or not." *Ryan v. Standard Oil Co. of Indiana*, 144 S.W.2d 170, 173 (Mo. App. 1940).

When the co-employee is performing the employer's nondelegable duty to provide a safe workplace, however, liability attaches to the employer, not the co-employee. *Bender v. Kroger Grocery & Baking Co.*, 276 S.W. 405, 406 (Mo. 1925). The employer's duty to provide a safe workplace is continuing, *Bender*, 276 S.W. at 408, and includes specific duties relating to keeping employees safe:

1. The duty to provide a safe place to work.

2. The duty to provide safe appliances, tools, and equipment for work.

---

[5] *Peters* was decided and handed down on the same date as the present case.

3. The duty to give warning of dangers of which the employee might reasonably be expected to remain in ignorance.

4. The duty to provide a sufficient number of suitable fellow servants.

5. The duty to promulgate and enforce rules for the conduct of employees which would make the work safe.

W. Keeton, Prosser and Keeton on the Law of Torts, section 80 at 569 (5th ed. 1984); *see Kelso v. W.A. Ross Const. Co.*, 85 S.W.2d 527, 534-36 (Mo. 1935); *Schaum v. Sw. Bell Tel. Co.*, 78 S.W.2d 439, 442 (Mo. 1934).

In their response to the defendants' motion for summary judgment, the plaintiffs asserted the defendants "had a duty to insure that every driver that drove for Breeden Transportation was safe to operate a commercial motor vehicle" and had a duty under federal regulations to disqualify a driver who may be suffering from a condition that would impair the driver's ability to safely operate a commercial motor vehicle. These duties fall squarely within the Breeden Transportation's duty to provide a safe workplace.

The plaintiffs contend that, by the defendants' own admissions and pursuant to the Federal Motor Carrier Safety regulations, the duty to ensure drivers were safe to operate commercial motor vehicles belonged to defendants personally and were not a part of Breeden Transportation's duty to provide a safe workplace. To support their argument regarding admissions, the plaintiffs rely on the defendants' deposition testimony in which each testified that he or she had an ongoing duty to make sure that drivers for Breeden Transportation were safe to operate commercial motor vehicles. The existence of a duty is purely a question of law. *Hoffman v. Union Elec. Co.*, 176 S.W.3d 706, 708 (Mo. banc

2005).  Courts are not bound by stipulations or concessions as to questions of law.[6]

*La-Z-Boy Chair Co. v. Dir. of Economic Development*, 983 S.W.2d 523, 525 (Mo. banc

1999); *see also Burns v. Black & Veatch Architects, Inc.*, 854 S.W.2d 450, 453 (Mo. App.

1993).  Furthermore, admissions of the existence of a duty within the context of the

defendants' understanding of their respective job responsibilities at Breeden

Transportation do not prove the existence of a duty owed by defendants separate and

distinct from Breeden Transportation's nondelegable duty to provide a safe workplace.

The plaintiffs' assertion that federal regulations impose duties on the defendants

separate and distinct from an employer's nondelegable duty to provide a safe workplace

is also without merit.  The Federal Motor Carrier Safety Regulations prohibit a motor

carrier, such as Breeden Transportation, from allowing a driver to operate a commercial

motor vehicle when the driver is not physically qualified, which requires the driver to not

have a history of or be currently diagnosed with certain medical conditions, including

diabetes and cardiovascular disease.  49 C.F.R. sections 391.11 and 391.41(b) (2014).

Further, a motor vehicle carrier cannot permit a driver to operate a commercial motor

vehicle when the driver's ability to drive is impaired by fatigue, illness, or any other

---

[6] The plaintiffs rely on *Richey v. Phillips*, in which the court of appeals found the defendant admitted to having a duty and that the injury was foreseeable.  259 S.W.3d 1, 13 (Mo. App. 2008).  The court held that when the defendant admits to foreseeing a risk of injury, a directed verdict for the defendant is not appropriate. *Id.*  To the extent *Richey* was merely attempting to address whether defendant had admitted facts sufficient to prove an element of plaintiff's claim, it was not in error, but to the extent *Richey* can be read as holding that an admission of duty is binding on a court where the law would not otherwise impose a duty, it is overruled.

8

condition. 49 C.F.R. section 392.3.[7] Pursuant to 49 U.S.C. section 31135(a) (2012), each employer and employee must comply with the Federal Motor Carrier Safety regulations. Additionally, 49 C.F.R. section 392.1 provides: "Every motor carrier, its officers, agents, representatives, and employees responsible for the management, maintenance, operation, or driving of commercial motor vehicles, or the hiring, supervising, training, assigning, or dispatching of drivers, shall be instructed in and comply with the rules in this part." The plaintiffs argue that because the duties under the federal regulations to ensure safe and qualified drivers are imposed on employees of motor carriers, the defendants personally owed Mr. Parr the duty to ensure he was a safe to operate a commercial motor vehicle.

In support of their argument that federal regulations imposed a duty on the defendants separate and distinct from their employer's nondelegable duty to provide a safe workplace, the plaintiffs rely on *McHaffie by & through McHaffie v. Bunch*, 891 S.W.2d 822 (Mo. banc 1995), and *Payne v. Cornhusker Motor Lines, Inc.*, 177 S.W.3d 820 (Mo. App. 2005). These cases merely stand for the proposition that federal regulations may be admitted as evidence of a defendant's duty or breach of that duty in a negligence case.[8] *McHaffie*, 891 S.W.2d at 828; *Payne*, 177 S.W.3d at 830. *See also*

---

[7] The plaintiffs also rely on 49 C.F.R. section 390.15 as requiring a motor carrier to perform an investigation of an accident involving its vehicle or driver. Section 390.15 requires a motor carrier to assist in investigations pertaining to accidents by providing certain information but does not, as the plaintiffs contend, impose a duty on the motor carrier to independently investigate accidents.

[8] In fact, the court of appeals in *Payne* relied on *Kinney v. Metropolitan St. Ry. Co.*, 169 S.W. 23 (Mo. 1914). 177 S.W.3d at 838. In *Kinney*, this Court distinguished between

9

*Giddens v. Kansas City S. Ry. Co.*, 29 S.W.3d 813, 821 (Mo. banc 2000). The cases do not hold that evidence of a duty imposed by a federal regulation is sufficient proof of the existence of an independent, personal duty in a negligence action.

This Court recognizes that violations of statutes and administrative rules may constitute negligence *per se*. *Fields v. Missouri Power & Light Co.*, 374 S.W.2d 17, 30-31 (Mo. 1963); *Goudeaux v. Bd. of Police Com'rs of Kansas City*, 409 S.W.3d 508, 512-13 (Mo. App. 2013). The rationale behind this principle is that the statute or rule is a legislative or administrative pronouncement of the standard of care; therefore, a violation of the statute or rule constitutes a breach of the duty of care. *Goudeaux*, 409 S.W.3d at 513. The plaintiffs did not bring a claim of negligence *per se*, however, because they did not specifically plead in their petition the essential elements of a negligence *per se* claim, including that defendants violated a specific statute or regulation and that the injury complained of was the kind the statute or regelation was designed to prevent. *See Dibrill v. Normandy Assocs., Inc.*, 383 S.W.3d 77, 84-85 (Mo. App. 2012).

Moreover, cases finding negligence *per se* do not support the argument proffered by the plaintiffs that a safety rule in a regulation imposes a duty separate and distinct from an employer's nondelegable duty to provide a safe workplace. As plaintiffs admit, the Federal Motor Carrier Safety regulations were promulgated pursuant to 49 U.S.C. sections 31131 to 31151, which were enacted, in part, "to minimize dangers to the health of operators of commercial motor vehicles." *See* 49 U.S.C. 31131(a)(2). Therefore, the

allowing an ordinance to be admitted as evidence of a duty and finding a duty was imposed solely by reason of the ordinance. 169 S.W. at 26.

10

duty to follow and enforce these federal safety regulations results from the master-servant relationship and would be part of the employer's nondelegable duty to follow and enforce rules of conduct designed to keep employees safe. *Kelso*, 85 S.W.2d at 535; Prosser and Keeton on the Law of Torts, section 80 at 569.

Notwithstanding that the only duties the plaintiffs allege were owed by defendants are the nondelegable duties of Breeden Transportation, the plaintiffs argue summary judgment was not proper because the existence of a duty depends on a factual issue that must be resolved first. The plaintiffs rely on *Leeper v. Asmus*, in which the court of appeals concluded that "before a court can determine whether a co-employee owes a duty in negligence at common law (a question of law), it must first be determined whether the workplace injury is attributable to the employer's breach of a nondelegable duty, a question of fact unique to the workplace . . . ." 440 S.W.3d 478, 488 (Mo. App. 2014). In holding that the existence of a co-employee's duty depends on the factual inquiry of whether the injury was caused by an employer's breach of a nondelegable duty, the court in *Leeper* relied on this Court's analysis in *Kelso*, 85 S.W.2d at 534. The *Leeper* court concluded that *Kelso* stands for the proposition that it is "for the jury to first determine whether the workplace injury could be attributed to the employer's breach of nondelegable duties" and that "resolution of that issue would control whether the co-employee could be liable in negligence." 440 S.W.3d at 486. The *Leeper* court's conclusion, however, is inconsistent with this Court's analysis in *Kelso*.

11

*Kelso* involved an employee's negligence action against the employer. 85 S.W.2d at 529-30. On appeal, the employer argued its demurrer to the evidence[9] should have been sustained because it could not be held liable for the employee's injuries in that the employee's injuries were caused by the negligence of a co-employee. *Id.* at 534. In determining that the trial court correctly overruled the employer's demurrer to the evidence, the Court explained that providing a safe method of work is included in the employer's nondelegable duty to provide a safe workplace. *Id.* at 535. The Court then found that whether the employer breached that duty "was a question for the jury." *Id.* In so stating, the Court did not hold that the existence of a co-employee's duty depended upon the jury's resolution of whether the employer breached its nondelegable duty but, instead, held that there was sufficient evidence in the record from which a jury could find that such a breach had occurred. *Id.* at 536-37.

Unlike *Kelso*, where the issue was whether there was sufficient evidence to find that an employer breached its non-delegable duty to provide a safe workplace, the issue in the present case is whether defendants owed their co-employee a duty that was separate and distinct from their employer's nondelegable duties. It is well-established that the existence of a duty is purely a question of law. *Hoffman*, 176 S.W.3d at 708; *Kibbons v. Union Elec. Co.*, 823 S.W.2d 485, 489 (Mo. banc 1992); *Aaron v. Havens*, 758 S.W.2d 446, 447 (Mo. banc 1988). Whether a personal duty exists depends on the

_____

[9] A "demurrer to evidence" is an objection by a party "that the evidence is legally insufficient to make a case." *Black's Law Dictionary* 526 (10th ed. 2014). Section 510.280, RSMo 2000, provides: "The demurrer to the evidence . . . [is] abolished and in lieu thereof a party may make a motion for directed verdict." Therefore, under Missouri law, motions for directed verdict are now used in lieu of demurrers to the evidence.

12

particular facts and circumstances of each case. *Risher v. Golden*, 182 S.W.3d 583, 587 (Mo. App. 2005). Here, the plaintiffs' evidence fails to establish that defendants owed Mr. Parr a duty separate and distinct from the employer's nondelegable duty to provide a safe workplace. Accordingly, the plaintiffs cannot establish that the defendants owed Mr. Parr a duty as a matter of law; therefore, the circuit court did not err in entering summary judgment in favor of the defendants.

## Conclusion

To maintain a negligence action against a co-employee, a plaintiff must show that the co-employee breached a duty separate and distinct from the employer's nondelegable duty to provide a safe workspace for all employees. In this case, the duties the plaintiffs asserted were breached were not separate and distinct from Breeden Transportation's nondelegable duty to provide a safe workplace. Neither the defendants' admissions that they were responsible for the safety of Breeden Transportation's drivers or the federal regulations requiring employees to ensure the safety of the drivers impose a separate and distinct duty on the defendants when those duties are part of the employer's nondelegable duty to provide a safe workplace. Therefore, summary judgment in favor of defendants was proper. This Court affirms the circuit court's judgment.

_____
PATRICIA BRECKENRIDGE, JUDGE

Stith, Draper and Russell, JJ., concur;
Fischer, J., concurs in result in separate
opinion filed; Wilson, J., concurs in result

13

in separate opinion filed; Teitelman, J.,
dissents in separate opinion filed.



# SUPREME COURT OF MISSOURI
## en banc

PAIGE PARR, a minor, by and through her ）
Conservator, JANETT WAID, JERIMY ）
MOREHEAD, and CHARLES PARR, ）
）
                Appellants, ）
）
v. ）      No. SC94393
）
CHARLES BREEDEN, WENDY COGDILL, ）
and MELANIE BUTTRY, ）
）
                Respondents. ）

### OPINION CONCURRING IN RESULT

I concur with the result reached in the principal opinion, but would overrule the court of appeals' decision in *Leeper v. Asmus*, 440 S.W.3d 478 (Mo. App. 2014), beyond the principal opinion's limited overruling of that case and would continue to apply the "something more" test consistent with its well-established meaning in this Court. *See Peters v. Wady Indus., Inc.*, __ S.W.3d __ (Mo. banc 2016) (No. SC94442) (Fischer, J., concurring in result), also decided today. That is, "[a]n employee may sue a fellow employee **only for affirmative negligent acts** outside the scope of an employer's responsibility to provide a safe workplace." *Piatt v. Indiana Lumbermen's Mut. Ins. Co.*, 461 S.W.3d 788, 794 (Mo. banc 2015) (internal quotations omitted) (emphasis added). Nevertheless, because the General Assembly has amended § 287.120.1 to effectively

1

codify this Court's prior application of the "something more" test beginning in 2012, and the amended version governs co-employee liability cases now and going forward, I have no practical reason to explain the differences I have with the principal opinion.

_____

Zel M. Fischer, Judge



# SUPREME COURT OF MISSOURI
## en banc

PAIGE PARR, a minor, by and through her ）
Conservator, JANETT WAID, JERIMY ）
MOREHEAD, and CHARLES PARR, ）
                                    ）
                 Appellants, ）
                                    ）
v.                                   ）     No. SC94393
                                    ）
CHARLES BREEDEN, WENDY COGDILL, ）
and MELANIE BUTTRY, ）
                                    ）
                Respondents. ）

## OPINION CONCURRING IN RESULT

I concur in the result reached in the majority opinion, but am dubitante as to the discussion of the common-law test for co-employee liability for the reasons stated in my separate opinion in *Peters v. Wady Industries Inc.*, No. SC94442 (Mo. banc 2016) (Wilson, J., concurring), also decided today.

                                         _____

                                         Paul C. Wilson, Judge



# SUPREME COURT OF MISSOURI
## en banc

PAIGE PARR, a minor, by and through her )
Conservator, JANETT WAID, JERIMY )
MOREHEAD, and CHARLES PARR, )
                )
           Appellants, )
                )
v.                      )    No. SC94393
                )
CHARLES BREEDEN, WENDY COGDILL, )
and MELANIE BUTTRY, )
                )
           Respondents. )

## DISSENTING OPINION

I respectfully dissent. Mr. Parr was killed in a single-vehicle accident while driving a tractor-trailer. Mr. Parr's children and father (Plaintiffs) filed suit alleging that his supervisors had a duty to determine whether Mr. Parr was medically fit to drive a tractor-trailer. I would hold that these allegations raise factual issues that preclude summary judgment.

When Mr. Parr was injured, section 287.120.1 did not release co-employees from co-employee liability. Therefore, Plaintiffs' claims were governed by the common law standards governing claims against co-employees. At common law, an "employer is liable for the negligent performance of any act directed by it to be performed by any employee . . . which affects the safety of the workplace" and "[r]isks that are attendant

to performing the employer's work as directed are thus necessarily subsumed within the employer's non-delegable duties, and cannot support an independent personal duty owed by a co-employee." *Leeper v. Ausmus*, 440 S.W.3d 478, (Mo. App. 2014). The employer's obligation to protect its employees does not extend to injuries caused by the negligence of employees in carrying out the details of the work directed by the employer. *Id*. at 488; (citing *Kelso v. W.A. Ross Const. Co*., 85 S.W.2d 527, 534-36 (Mo. 1935)). Accordingly, under the common law, Plaintiffs had to prove that Mr. Parr's "employer performed all of its non-delegable duties such that a reasonably safe workplace, a safe instrumentality of work, and safe methods of work, became unsafe solely through the fault of [Mr. Parr's supervisors], a determination that depends on the facts and circumstances of the workplace injury." *Id*. Before a court can determine the legal question of whether a co-employee owes a duty in negligence at common law, the court must assess the facts and circumstances of the employment at issue to determine the inherently factual question of whether the workplace injury was caused by the employer's breach of a nondelegable duty or by the co-employee's negligence in carrying out the details of the work directed by the employer. The principal opinion discards *Leeper*, but *Leeper's* explanation of the common law is convincing and supported directly by the language of this Court's opinions.

The Plaintiffs' petition alleges that Mr. Parr's supervisors breached their duty to ensure that Mr. Parr was able to safely drive the tractor-trailer. This case is governed by common law principles and, as explained in *Leeper*, summary judgment was not proper because the existence of a duty depends on disputed facts that should not have been

2

resolved by summary judgment.  I would reverse the summary judgment and remand the case for further proceedings.

_____
RICHARD B. TEITELMAN

3